## THE PEOPLE *v.* R. H. WATERMAN *et als.*

CONSTRUING A STATUTE.—In construing a statute it is an invariable rule to start out with the assumption that some effect is to be given, if possible, to every provision of the law to be construed.

PROOF OF ASSESSMENT OF TAX.—In an action brought under the Act of 1861, to recover a delinquent tax, if there is a defense interposed it is necessary for the District Attorney to show by the delinquent list or the original or duplicate assessment roll that a tax had been assessed and levied. The fact that the second section of the Act provides that the defendant shall not be allowed to set up or show any informality in the levy or assessment as a defense, does not obviate the necessity for such proof.

APPEAL from the District Court, Seventh Judicial District, County of Napa.

The defendant appealed.
The other facts are stated in the opinion of the Court.

*W. S. Wells*, for Appellant, argued that as the Act of 1861 purported to legalize assessments of previous years, and as the Court had held in *Hurlburt* v. *Butenop*, 27 Cal. 50, and *People* v. *Hastings*, 29 Cal. 449, that a void assessment could not be cured by legislative act, that the people should have been compelled to prove the assessment and levy of the tax.

*J. G. McCullough, Attorney-General*, for the People, argued that the fact that there was no levy and assessment of the tax

could not be pleaded as a defense, and.that as no such defense could be interposed, proof of the levy and assessment were unnecessary.

By the Court, SAWYER, J. :

This is an action to recover delinquent taxes, brought in pursuance of the Act of May 17th, 1861, entitled "An Act to legalize and provide for the collection of delinquent taxes in the counties of this State." At the trial the District Attorney at first introduced the delinquent tax lists, but subsequently withdrew them. The testimony was then confined to the issue as to the ability of the Tax Collector "to find, seize or sell property belonging to the delinquent." The defendant also offered the delinquent list to show that there was no tax at all levied against the defendant, but it was ruled out on objection of the District Attorney. The case was finally submitted without any evidence except as to the inability to find property as before stated; and the Court found for the plaintiff and rendered judgment in accordance with the findings.

The Court and District Attorney were evidently under the impression that no evidence was required, under the statute, to show that a tax had been levied. It is not surprising that embarrassment in construing the statute on this point should arise, for it is provided in section two, that "the defendant shall not be allowed to set up, or show, any informality in the levy, or assessment, as a defense, such defendant being allowed only to plead—First, that the taxes had been paid on or before suit; or—Second, that he had not the property mentioned in the complaint at the time of the assessment, and he has never been liable to pay said taxes." (Laws 1861, p. 471, Sec. 2.) Yet the very next section provides, that "the delinquent tax lists for said fiscal years, duly certified by the proper officers, shall be delivered to the District° Attorney, and the said delinquent lists, or the original, or duplicate assessment rolls, or a copy of any entry therein, duly certified, showing unpaid taxes against a person or property, shall be evidence in any

Court to prove the delinquency, property assessed, the amount of taxes due and unpaid, and that all the forms of law in relation to the levy and assessment of such taxes, have been complied with." (Ib. Sec. 3.) The complaint alleges the assessment, and the answer takes issue by denying the averments. It is said, however, that the defendant under the Act was not authorized to take issue upon these averments in his answer, and, as he could not raise the issue, no proof was required to establish the truth of the allegations of the complaint. Upon the theory of the respondent, it is only necessary to allege a cause of action, and, as no issue can be taken, no proof can be required, and a judgment must follow as a matter of course on the complaint, unless the defendant can set up one of the two matters specified. On this theory, the plaintiff in this case might just as well have omitted his evidence on the question of the ability of the Tax Collector to find property, for the averment of the complaint on this point could no more be controverted than any other essential averment. The averment proved itself, and no evidence whatever was required on the part of the people. It is not easy to determine exactly what the Legislature intended by the provisions of the statute cited. It was certainly contemplated that testimony would in some way be required on the trial of a tax suit, otherwise why the provision of the third section that the delinquent list shall be " evidence in any Court to prove " the facts therein enumerated—the very facts required to be alleged, and upon which, it is claimed, that defendant is not permitted to take issue? Unless it was contemplated that the plaintiff might be required to prove these facts to support the essential averments of the complaint in a tax suit, we can conceive of no purpose which the provision of the section can serve, and the section is useless—a collection of unnecessary words. Of course, if a valid judgment is once obtained, it becomes a lien upon the land which nobody can avoid, and there would be no occasion to go behind such valid judgment to sustain a sale under it, or to protect the rights of any party resting upon such judgment. If, then, a valid judgment for the taxes can

be obtained without using the assessment roll or delinquent list to prove the levy and existence of the tax upon which the judgment is based, what office as evidence in any Court can it perform? We can discern none. We must, therefore, conclude that the Legislature intended to provide for using these records to prove the existence of a tax, in a suit against the party charged, to recover the tax levied, or that nothing was intended by these provisions. The latter conclusion is inadmissible, for it is an invariable rule of construction to start out with the assumption that some effect is to be given, if possible, to every provision of the statute. The first conclusion, then, is the only one open to us.

In providing that the " defendant shall not be allowed to set up or show any informality in the levy or assessment as a defense," and only allowed to plead the two matters specified, it may be that the Legislature only intended to say, that these are the only defenses involving new matter which are allowed to be set up, and not that issue should not be taken upon the truth of the averments of the complaint, and when issue is taken on the complaint, that then, no mere informality in the levy should be available as a defense under it. Either this must have been intended, or it was contemplated that, without any issue upon the allegations of the complaint, the people should be required to produce the delinquent list, or original or duplicate assessment roll; to show that a tax had been, in fact, assessed against the party or property sued. So far as this case is concerned, it is a matter of no practical consequence which view is taken; for the defendant did, in fact, take issue on the allegations of the complaint. If the views expressed are correct, and we can perceive no other reasonable construction that can be put upon the statute which would give any effect to the second section, it was necessary for the District Attorney to show, by the delinquent list, or the original or duplicate assessment roll, that a tax had been levied. But no evidence whatever was introduced by him on the point, or allowed to be introduced by the defendant. The

point made by appellant, then, that there is no evidence to sustain the findings, is well taken.

Judgment and order denying a new trial reversed, and a new trial granted.