[No. 20145.   In Bank.—February 19, 1886.]

THE PEOPLE, RESPONDENT, *v.* JUAN E. EDSON, APPELLANT.

RECEIVING BRIBE BY POLICE OFFICER—INFORMATION. — An information against a police officer for receiving a bribe, which is substantially in the language of section 68 of the Penal Code, is sufficient.

ID.—INSTRUCTION. — An instruction quoted in the opinion, *held*, misleading.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial.

The defendant, a police officer, was convicted of the crime of receiving a bribe, given to him to procure the release of a person then under arrest. The further facts are stated in the opinion.

*J. H. Campbell,* and *W. G. Lorigan,* for Appellant.

*Attorney-General Marshall, Howell C. Moore,* and *D. W. Burchard,* for Respondent.

FOOTE, C.—Edson, the defendant, appeals from a judgment of conviction of bribery, and from an order denying him a new trial.

The objection made to the sufficiency of the information is not tenable. Its allegations were substantially in the language of section 68 of the Penal Code. (*People* v. *Markham,* 64 Cal. 157.)

*Inter alia,* the court charged the jury as follows:—

"It is proper for the jury to take into consideration the character, the vocation, and the profession of witnesses, as well as their appearance upon the stand, for two purposes: One is in the consideration of their credibility as witnesses; and secondly, where the witnesses are shown to have been active parties to the transaction that is the subject of the inquiry, you can consider their character, their profession, and vocation in judging of the probability of their being parties to such a transaction as has been detailed; you can judge whether these parties would have been likely to offer a bribe to an officer, and in determining that as a fact, you can judge of the character of the party who it is alleged made that approach."

It is claimed for the appellant that the foregoing part of the court's charge to the jury was contrary to law, and that they were thereby misled, to the prejudice of the defendant, in this, that the language thus used by the court was susceptible of the interpretation by that body that they could infer that the witnesses for the people, Scossa and Feliz, would be likely to approach an officer with a bribe, from the fact that they were persons of bad character; and that from such probability of conduct on the part of those witnesses, the jury could draw the further inference of the defendant's guilt as charged.

It appeared by abundant evidence that those witnesses were persons of bad character, the one a prostitute, the other a man who lived with her, in a most disreputable relation.

The jury may have been misled, as defendant contends, to his injury, by the portion of the charge to which he makes objection, as it is susceptible of the construction he places upon it. We perceive in the record no further prejudicial error.

The judgment and order should be reversed, and cause remanded for a new trial.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed, and cause remanded for a new trial.

Rehearing denied.