## UNITED STATES *v.* WILSON.

*(District Court, D. Massachusetts.* November 30, 1886.)

PENSIONS—INDICTMENT—SUFFICIENCY—REV. ST. U. S. § 5485—ACT OF CONGRESS OF JUNE 20, 1878.

An indictment following the language of section 5485, Rev. St. U. S., charging the accused with receiving an excessive fee for his services "in prosecuting a pension claim," sufficiently charges him with receiving the same "in a pension case;" the language setting forth the elements necessary to constitute the crime, and apprise the accused with reasonable certainty of the accusation against him.[1]

Motion in Arrest of Judgment.

*G. M. Stearns* and *J. R. Reed,* for the United States.

*Edward Avery,* for defendant.

NELSON, J. By Rev. St. § 4785, under the title "Pensions," it is provided that "no agent or attorney or other person shall demand or receive any other compensation for his services in prosecuting a claim for pension * * * than such as the commissioner of pensions shall direct to be paid to him, not exceeding twenty-five dollars;" and by section 5485, under the title "Crimes," that "any agent or attorney, or any other person instrumental in prosecuting a claim for pension, * * * who shall directly or indirectly contract for, demand, or receive, or retain any greater compensation for his services or instrumentality in prosecuting a claim for pension * * * than is provided in the title pertaining to pensions, * * * shall be deemed guilty of a high misdemeanor; and, upon conviction thereof, shall, for every such offense, be fined not exceeding five hundred dollars, or imprisonment at hard labor not exceeding two years, or both, at the discretion of the court." By the act approved June 20, 1878, (20 St. 243,) congress repealed section 4785, and enacted that "it shall be unlawful for any attorney, agent, or other person to demand or receive, for his services in a pension case, a greater sum than ten dollars;" and by the act of March 3, 1881, § 1, (21 St. 408,) congress further provided that "the provisions of section 5485 of the Revised Statutes shall be applicable to any person who shall violate the provisions of" the act of June 20, 1878.

---

[1] See note at end of case.

The indictment, following the language of section 5485, charges that the defendant, on the thirtieth day of April, 1883, at Winchester, in this district, unlawfully received for his services and instrumentality, in prosecuting for one Sorell Gove a claim for a pension from the United States, a greater compensation than was allowed by law, to-wit, the sum of $84.

It is argued for the defendant that this language does not describe with sufficient certainty the offense of receiving for his services, in a pension case, a greater sum than $10, as defined by the act of 1878. But the words "services in a pension case" in that act were evidently intended to take the place of the words "services for prosecuting a claim for pension" in section 4785, and to have the same meaning. Both describe the same offense, though in different language. The only purpose of the act of 1878 was to change the rate of compensation which might be charged for services rendered for another in procuring a pension. There is nothing in the language used, or in the history of the legislation, to indicate that congress had any other object in view. This is especially apparent from the act of 1881, which makes section 5485 applicable to persons violating the act of 1878. It is not the penalty only that is made applicable, but the whole section. In an indictment upon a statute it is sufficient to set forth the offense in the words of the statute, if the words themselves duly set forth all the elements necessary to constitute the offense, and apprise the accused with reasonable certainty of the accusation against him. *U. S.* v. *Britton,* 107 U. S. 655; S. C. 2 Sup. Ct. Rep. 512, and cases cited. Tested by this rule, the indictment is not open to this objection.

Other objections were made to the indictment, but none of them seem to be of enough importance to require comment, and they are all overruled.

Motion in arrest of judgment overruled.

### NOTE.

INDICTMENT FOR STATUTORY OFFENSE. An indictment for a statutory offense may, in charging the offense, merely use the language of the statute creating it, United States v. Britton, 2 Sup. Ct. Rep. 512; People v. Marseiler, (Cal.) 11 Pac. Rep. 503; People v. Murray, (Cal.) 7 Pac. Rep. 178; Cohen v. People, (Colo.) 3 Pac. Rep. 385; State v. Foster, (Kan.) 2 Pac. Rep. 628; Scoles v. State, (Ark.) 1 S. W. Rep. 769; Fortenbury v. State, (Ark.) 1 S. W. Rep. 58; or words of equivalent meaning, Franklin v. State, (Ind.) 8 N. E. Rep. 695; Graeter v. State, (Ind.) 4 N. E. Rep. 461; People v Edson, (Cal.) 10 Pac. Rep. 192; when such language is sufficient to apprise the defendant of the nature of the accusation against him, United States v. Britton, 2 Sup. Ct. Rep. 512; Cohen v. People, (Colo.) 3 Pac. Rep. 385; Scoles v. State, (Ark.) 1 S. W. Rep. 769.