[*Crim. No. 859.   Department One.—July 8, 1902.*]

## THE PEOPLE, Appellant, v. JOSEPH B. SEELEY, Respondent.

CRIMINAL LAW—INFORMATION AGAINST SCHOOL TRUSTEE—ASKING AND AGREEING TO RECEIVE BRIBE.—An information charging the offense committed by a school trustee of asking and agreeing to receive a bribe upon the agreement and understanding that his vote, opinion, and action upon the matter of accepting a school building for the school district should be influenced thereby, is rightly based upon section 68 of the Penal Code, and does not charge an offense under section 1879 of the Political Code.

ID.—CONSTRUCTION OF CODES—SECTION NOT REPEALED BY IMPLICATION.—Applying the principles of construction that the codes and the different sections thereof must be read and construed together, and full effect be given to each section, if possible, and that repeals by implication are not favored, section 68 of the Penal Code is not repealed by implication by section 1879 of the Political Code.

ID.—INFORMATION FOLLOWING LANGUAGE OF STATUTE.—Where the information for asking and agreeing to receive the bribe substantially follows the language of the statute, and alleges that the offense was committed "willfully, unlawfully, and feloniously," it is sufficient, and sufficiently charges a corrupt intent.

ID.—DESCRIPTION OF BRIBE.—An averment that the defendant asked and agreed to receive a bribe of "two hundred dollars, coin of the United States of America," from a person named, sufficiently describes the bribe and shows the value thereof.

APPEAL from a judgment of the Superior Court of Marin County.   William P. Lawlor, Judge Presiding.

The facts are stated in the opinion.

Tirey L. Ford, Attorney-General, A. A. Moore, Jr., Deputy Attorney-General, and Hugh J. McIsaac, District Attorney, for Appellant.

Lennon & Hawkins, for Respondent.

COOPER, C.—The court below sustained a demurrer to the information, on the ground that the facts stated do not constitute a public offense, and that the court had no jurisdiction of the offense charged, and ordered judgment for defendant, and that he be discharged.

This appeal is from the judgment, and presents the sole question as to the correctness of the order sustaining the demurrer. The information alleges as follows:—

"Joseph B. Seeley is accused by Hugh J. McIsaac, district attorney of the county of Marin, state of California, by this information, of the crime of felony, to wit: asking and agreeing to receive a bribe committed as follows, to wit: The said Joseph B. Seeley on or about the tenth day of December, A. D. 1900, at and in the county of Marin, state of California, then and there being an executive officer,—namely, a school trustee of Tiburon School District of Marin County, in said state,— did willfully, unlawfully, and feloniously ask and agree to receive a bribe, to wit: two hundred dollars, coin of the United States of America, from one Frederick O. Waite, upon the agreement and understanding that his, said Joseph B. Seeley's, vote, opinion, and action, as such school trustee, upon the matter of accepting a school building for said school district, which said matter was at said time pending before the school trustees of said district, should be influenced thereby."

The information was evidently drawn with intent to charge a violation of section 68 of the Penal Code, which reads as follows:—

"Every executive officer, or person elected or appointed to an executive office, who asks, receives, or agrees to receive, any bribe, upon any agreement or understanding that his vote, opinion, or action upon any matter then pending, or which may be brought before him in his official capacity, shall be influenced thereby, is punishable by imprisonment in the state prison not less than one nor more than fourteen years; and, in addition thereto, forfeits his office, and is forever disqualified from holding any office in this state."

The above section has been in the Penal Code since its adoption, but defendant claims that it is repealed by implication by reason of section 1879, found in the Political Code, in article 21, under the heading "Miscellaneous Provisions relating to the Public Schools," enacted in March, 1893, which reads as follows:—

"The offering of any valuable thing to any member of a board of education, or board of school trustees, with the intent thereby to influence his action in regard to the granting of any

teacher's certificate, the appointment of any teacher, superintendent, or other officer or employee, the adoption of any textbook, or the making of any contract to which the board of education of which he is a member shall be a party, or the acceptance by any member of a board of education or board of school trustees of any valuable thing, with corrupt intent, shall be a misdemeanor, punishable as by law provided.''

The codes must be read and construed together, and full effect given to every section, if it can be done. (Pol. Code, sec. 4480.)

The different sections must be read together, and that interpretation should be placed upon the language which will, if possible, give effect to each section and make it compatible with common sense and the plain dictates of justice. (*Cullerton* v. *Mead,* 22 Cal. 98; *People* v. *Waterman,* 31 Cal. 415.)

Whether a statute is repealed by implication is a question of intention, to be gathered from the language used and the subject-matter. Repeals by implication are not favored. (Sutherland on Statutory Construction, sec. 138; *Capron* v. *Hitchcock,* 98 Cal. 432.)

Applying the above rules, we do not think section 68 of the Penal Code, as to agreeing to receive a bribe by an executive officer upon an understanding that his vote, opinion, or action upon a matter pending before him in his official capacity shall be influenced thereby, is repealed by the section of the Political Code. The section of the Political Code does not make an agreement to receive a bribe any offense. It does make the acceptance of a bribe a misdemeanor, and therefore leaves the offense of agreeing to receive such bribe a felony under the Penal Code. We cannot see the reason why the legislature should make the agreement to receive a bribe a felony, and the actual receiving of it a misdemeanor, but it has clearly done so whether there was any reason for it or not. It may be that in the opinion of the legislature the acceptance of a bribe is not accompanied with the same deliberation and premeditation as the agreement to accept; but, however that may be, we are bound by the language used and cannot substitute our views as to what the law should be instead of what it is.

It is clear that the offense charged is a violation of section

68 of the Penal Code, and is not a violation of section 1879 of the Political Code.

It is claimed by defendant that the information does not charge an offense for the reason that it does not allege that the agreement was made with corrupt intent. The information follows the language of the statute, and is sufficient. It states that defendant unlawfully and feloniously asked and agreed to receive two hundred dollars upon the agreement that his vote, opinion, and action upon the matter of accepting a school building should be influenced thereby. The agreement to unlawfully and feloniously receive the money for the purpose of influencing his vote is equivalent, in the meaning of the statute, to corruptly agreeing to receive it for the purpose of influencing his vote. If his vote should be feloniously influenced by money, it would be corruptly influenced. It is usually held that an information is sufficient if its allegations are substantially in the language of the statute. (*People* v. *Edson,* 68 Cal. 550; *People* v. *Markham,* 64 Cal. 157.[1])

In the latter case the information alleged that defendant "did ask, receive, and agree to receive a bribe, to wit: fifteen standard dollars lawful coin of the United States of America upon an understanding and agreement that he would not arrest persons engaged in violating section 330 of the Penal Code."

It was here held sufficient and that it stated facts sufficient to constitute a public offense. In this case the information charges the agreement to have been unlawfully and feloniously made, and therefore is less obnoxious to the objections made than was the case in *People* v. *Markham.* A person of common understanding by reading the information in this case would know what is intended. The contention that the information should allege that the "two hundred dollars coin of the United States of America" was something of value is entirely without merit.

The information alleges the agreement to receive a bribe and a description of the bribe.

The judgment should be reversed and the court below directed to overrule the demurrer to the information.

Gray, C., and Chipman, C., concurred.

---

[1] 49 Am. Rep. 700.

For the reasons given in the foregoing opinion the judgment is reversed and the court below directed to overrule the demurrer to the information.

Garoutte, J., Van Dyke, J., Harrison, J.

Hearing in Bank denied.