# STATE v. WOODS.

(139 N. W. 321.)

**Criminal law — information — amendment.**

1. In the light of the provisions of § 8 of the Constitution, permitting the legislature to change, regulate, or abolish the grand jury system, and of § 9796, Rev. Codes 1905, permitting amendment of a criminal information, and of § 9930, Rev. Codes 1905, requiring the state's attorney or other prosecutor to follow a criminal trial into the county to which it is removed, and giving the court full jurisdiction and authority to hear, try, and determine the action, and to conduct it in all respects as if it had been commenced in such county, it is *held* that, in a prosecution by information, it is competent for the state, on leave of court, to amend an information in the county to which the trial is removed, at least when there is no new or different offense charged.

**Appeal — presumptions — instructions.**

2. Following State v. Peltier, 21 N. D. 190, 129 N. W. 451, it is *held* that, when error is assigned on instructions to the jury in a case in which the evidence is not before the supreme court, an instruction will not be held erroneous unless it is so under every possible view of the case, and that it will be presumed to be correct as applied to the evidence unless abstractly wrong.

**Trial — instructions.**

3. Certain instruction, identical in effect with one passed upon in State v. Hazlet, 16 N. D. 426, 113 N. W. 374, sustained.

**Homicide — instructions — presumptions on appeal.**

4. The appellant was charged by information with having committed the crime of murder. The court instructed the jury on the degrees of murder and of manslaughter. The jury found him guilty of manslaughter in the first degree. *Held*, that where the evidence is not before this court, it will be presumed that the instructions conformed to such evidence, and consequently that the status of the proof was such as to show that defendant was guilty of one of the degrees of murder or of manslaughter, or not guilty; and it

---

Note.—As to the submission of the question of lower degree to jury in prosecution for homicide, see note in 21 L.R.A.(N.S.) 18.

was not error, therefore, to omit to instruct as to the lesser offenses included within such greater offenses.

**Appeal — failure to instruct — absence of request.**

> 5. The record discloses no request for instructions on the lessor offenses. While many authorities hold that failure to instruct on a given point, when not requested so to do, is not reversible error, that question is not passed upon.

Opinion filed December 11, 1912.

Appeal by defendant from a judgment of the District Court for Adams County, *Nuchols,* J., convicting him of manslaughter.

Affirmed.

*Andrew Miller,* Attorney General, *C. L. Young,* Assistant Attorney General, and *E. P. Totten,* State's Attorney for respondent.

*T. R. Mockler,* for appellant.

SPALDING, Ch. J.    The appellant was convicted by a jury of Adams county, North Dakota, on the 22d day of April, 1911, of the crime of manslaughter in the first degree, and his punishment fixed at thirteen years in the state penitentiary, and judgment was pronounced accordingly on the 22d day of April, 1911.    He appeals from the judgment, and none of the evidence is before this court.

1. The first four assignments of error, as stated in appellant's brief, all complain of the trial court permitting the state, after a change of venue had been taken from Bowman county to Adams county, to file an amended information.    This objection was raised, first by objection, second by motion to set aside the amended information, third by demurrer, fourth by a motion in arrest of judgment, and fifth by objection when the court overruled appellant's motion in arrest of judgment. The contention, broadly stated, is that after a change of venue on the application of the defendant in a criminal action, granted by reason of prejudice existing in the county wherein the offense is charged to have been committed, the state cannot, before trial and in the county to which the venue has been changed, file, on leave of court, an amended information.    In this case such leave was granted, the amended information filed, and the defendant arraigned thereunder and required to plead thereto, and was tried and convicted on such amended infor-

mation. We may remark in passing that the amended information charged the same offense that was charged, or attempted to be charged, in the original information, *viz.*, murder. It is urged that the duties of the state's attorney of Bowman county can only be exercised within that county; that an official act performed in Adams county by him after a change of venue on the application of the defendant, such as preparing and filing an amended information, is outside his jurisdiction, illegal, and of no effect.

Counsel concedes that he has been able to find but one case which is an authority upon the subject. It is State v. Bartlett, 170 Mo. 658, 59 L.R.A. 761, 71 S. W. 148. The Constitution of Missouri, adopted in 1900, provides that "no person shall be prosecuted criminally for felony or misdemeanor otherwise than by indictment or information, which shall be concurrent remedies." And it is held in the above entitled case that after change of venue the prosecuting attorney cannot file, in the county to which the venue is changed, an amended information. That decision rests upon the provision of the Constitution that indictment and information "shall be concurrent remedies," and the court holds that, inasmuch as an indictment could not be found for a crime committed outside the county in which the grand jury sits, an information cannot be filed outside the county of the prosecuting attorney, and therefore that it cannot be amended by such attorney in the county to which the venue is changed; that the fact that the statute commands a prosecuting attorney to follow to other counties indictments and informations originating in his county does not enlarge his powers as to amending an information any more than it does to amending an indictment. We think this decision is not an authority in this state. Our constitutional provision differs widely from that of Missouri. It does not provide that indictment and information shall be concurrent remedies, but leaves it wholly within the power of the legislative assembly to completely abolish proceeding by indictment.

Section 8 reads: "Until otherwise provided by law, no person shall, for a felony, be proceeded against criminally otherwise than by indictment. . . . Offenses shall be prosecuted by indictment or information. The legislative assembly may change, regulate, or abolish the grand jury system." Under the provisions of our Criminal Code felonies are prosecuted on information, except when a grand jury may

be summoned in the manner and by the officials or persons designated. Section 9796 provides for the amendment of an information. Section 9930 provides that when the place of trial has been changed, the state's attorney of the county or judicial subdivision, or other person appointed to prosecute where the action was commenced, shall prosecute the case for the state, and the court to which the action is removed for trial shall have full jurisdiction and authority to hear, try, and determine the action, and upon conviction to impose the punishment prescribed by law, and that the trial shall be conducted in all respects as if the action had been commenced in the county to which it is removed. It seems reasonably clear that full jurisdiction and authority to hear, try and determine the action, to impose punishment, and to conduct the trial in all respects as if the action had been commenced in said court, must include all the necessary steps leading to and including the trial, after the venue has been changed. The reasons for not permitting an indictment to be filed in the county to which the venue is changed do not necessarily apply to the amendment of an information. The grand jury is a body of men summoned from, and having jurisdiction only in, its own county. It meets, transacts its business, and is discharged. It is not at all times in attendance upon the court; it does not follow the case out of the county; its functions cease when it is discharged, and this is usually long before the end of the term for which it was called. But the prosecuting attorney is commanded by the statute to follow the case into the new county and there prosecute it, and there is no physical or other barrier in the way of his amending the information, on leave of court, as there is to the amendment of an indictment. 1 Bishop, New Crim. Proc. § 714.

The word "concurrent" has various meanings. It is true prosecution by indictment and information in this state are concurrent remedies in the sense that they are of equal dignity, of equal importance, and that under certain circumstances they apply to the same object or offense, but they are not concurrent in the sense that procedure by indictment or by information may be adopted on any offense at any time. The grand jury is not called on every occasion when felonies are to be prosecuted. The state's attorney is not charged with any duty respecting the calling of a grand jury. Whether there shall be a grand jury in his county at any term of court in no manner depends upon him offi-

cially under the statute. Hence, if the officials or persons empowered by the statute to call a grand jury do not act, no method of procedure except by information is left the state's attorney. These remedies in this state are concurrent in the sense that they bear on the same objects or offenses, but are not concurrent in the sense that they exist at the same time or on the same occasion.

It appears that § 4860, Ballinger's Anno. Codes & Stat. (Wash.), provides that the court to which an action or proceeding is transferred has and exercises over the same a like jurisdiction as if it had been originally commenced therein; and in State v. Lyts, 25 Wash. 347, 65 Pac. 530, the court sustains a conviction on an information amended after change of venue and in the county to which the case was transferred. Its decision is placed upon § 4860, supra, and holds that the court to which the venue is changed has the same jurisdiction over the action transferred as if it had been originally commenced therein, and that an information is amendable therein by the prosecuting attorney on leave of court. It would be indeed a strange oversight of the legislature if it had not been intended that § 9930 should govern in cases of this nature. It would result in the absurd proposition that after the trial has been transferred to another county on the application of the defendant, and the state finds it necessary, on the trial, to make a change in form of the information, proceedings must be suspended or the court adjourned, the state's attorney return to the county of which he is an official and there make his amendment, and then have it transmitted to the county in which the trial is to occur. We think no such procedure was contemplated or intended to stand in the way of or interfere with the orderly and speedy administration of justice, and we hold that the amendment was properly allowed.

2. The court, among other things, instructed the jury that "if the state has proven to your satisfaction, beyond a reasonable doubt, that the defendant killed Adelbert Stone Crow at the time and place specified in the information in this case, then the burden devolves upon the defendant to prove circumstances that justified the killing, in order to entitle defendant to be acquitted on the ground of self-defense, unless the proof on the part of the prosecution tends to show circumstances creating a reasonable doubt as to whether or not such killing was justified, and if, upon the whole evidence, you have a rea-

sonable doubt as to whether or not the defendant acted in self-defense, it is your duty to find the defendant not guilty." It is complained that this charge leaves out of consideration two important elements mentioned in § 10,023, Rev. Codes, 1905, *viz.*, mitigation and excuse, and thereby took from the consideration of the jury these elements. It was held in State v. Peltier, 21 N. D. 190, 129 N. W. 451, that when the evidence is not before this court on a criminal appeal, an instruction will not be held erroneous unless it is so under every possible view of the case, and that if not, it will be presumed to be correct under the circumstances and as applied to the evidence, unless abstractly wrong. This rule applies in the instant case. We have nothing before us to show that there was any evidence submitted tending in any manner to mitigate or excuse the offense. If no such evidence was submitted, then the court was not called upon to instruct on these subjects. People v. Ah Kong, 49 Cal. 6. And the evidence not being before us, we must assume that there was none tending to show these defenses. To the next error assigned, the same rule and State v. Peltier, supra, are applicable, and no further reference thereto is necessary.

3. The next assignment relates to that part of the charge wherein the court said: "That defendant believed himself to be in danger from deceased is not enough to justify defendant in killing deceased, unless, from all the facts and circumstances known to defendant, or believed by him to be true, the jury can say he had reasonable ground for such belief; but if, from all the facts and circumstances known to defendant, or believed by him to be true, you as jurors can say that defendant had reasonable ground to believe that he was in imminent danger of great personal injury from the deceased, that he was justified in killing deceased, you should find defendant not guilty." This instruction was apparently framed on an instruction considered in State v. Hazlet, 16 N. D. 426, 113 N. W. 374. The instructions are identical in effect, and practically so in form. It was there held by a majority of this court to be correct, and the subject need not be rediscussed in this opinion.

4. The final assignment discussed by appellant relates to the failure of the court to instruct the jury that they could convict appellant of murder in the first degree, murder in the second degree, manslaughter

in the first degree, manslaughter in the second degree, assault with intent to commit any felony, assault with a deadly weapon, assault with a dangerous weapon, assault with intent to kill, assault and battery, and simple assault. The court did instruct the jury as to what constitutes the crimes of murder, manslaughter in the first degree, and manslaughter in the second degree, and advised them relating to their duties as indicated by the evidence, should they find it brought the offense within either of these definitions. Still bearing in mind that the evidence is not here, we must also assume that this instruction was correct, on the theory that, on the evidence in the case, the defendant was guilty of one of the degrees of murder or of manslaughter in the first or second degree, or was not guilty of any crime.

This court does not seem to have passed directly upon the necessity to instruct in all cases upon the lesser offenses, but, as indicated, when the evidence is not before this court, it will be presumed that the instructions conformed to the evidence submitted, and that therefore the status of the proof at the close of the trial was such as to show that defendant was guilty of one of the degrees of murder or of manslaughter, or not guilty of any offense; and in this case it would not be error to omit to instruct as to lesser offenses included within the two degrees of murder and the two degrees of manslaughter. Sections 10,051 and 10,053, Rev. Codes 1905, are the provisions applicable, and they are identical in effect, and nearly so in language, with the corresponding provisions of the statute of our sister state, South Dakota. The supreme court of that state has repeatedly passed upon it. The 1st section named provides that "whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty. Whenever a verdict of guilty is rendered against the accused upon a prosecution for homicide, the jury must find the degree thereof, and determine by their verdict the punishment to be inflicted, within the limits prescribed by law."

And the 2d section referred to: "The jury may find the defendant guilty of any offense the commission of which is necessarily included in that with which he is charged in the information or indictment, or of an attempt to commit the offense." In the case at bar the court instructed the jury as to the different degrees, both of murder and manslaughter.

In State v. Kapelino, 20 S. D. 591, 108 N. W. 335, on a trial for assault with a deadly weapon with intent to murder, where the jury found the defendant guilty of assault with intent to do bodily harm with a sharp or dangerous weapon, it was held that the court properly refused to instruct that the jury might convict of assault and battery simply, as under the evidence the jury would not have been warranted in finding him guilty of a simple assault.

In State v. Vey, 21 S. D. 612, 114 N. W. 719, on a trial for homicide, where the evidence showed the accused was either guilty of murder or was not guilty of any offense, the court held that, where the offense charged is not divided into degrees, the court is not required to charge the jury as to an offense that might be included in the charge made, but which the evidence would not warrant.

In Territory v. Gay, 2 Dak. 125, 2 N. W. 477, it was held that upon a trial for murder, the killing by means of a deadly weapon being admitted, and there being in fact no legal or competent evidence tending to excuse or justify the killing, it was not error to instruct the jury that there was no evidence whatever, admitting every word to be true, that will excuse the killing, and that therefore it was not error for the court to instruct the jury that if they regarded the oaths they had taken, their verdict must be murder or manslaughter.

In support of our conclusion on this point, see also People v. Scott, 93 Cal. 516, 29 Pac. 123, holding that, where the evidence is of such a character as to show defendant, charged with an assault with intent to commit murder, was either justifiable, or guilty of a graver offense than a simple assault, the court was not required to give an instruction that he could be convicted of a simple assault, especially if no such instruction was requested.

And in People v. Barney, 114 Cal. 554, 47 Pac. 41, it was held that failure to instruct on the minor offense was not error when it clearly appeared from the evidence that the defendant was guilty of the offense charged, or not guilty at all; and second, for the reason that no, request for such instruction was made. To the same effect, see People v. Arnold, 116 Cal. 682, 48 Pac. 803.

The conclusion reached by us is also supported by a long list of authorities appended to § 190, Blashfield's Instruction to Juries, as well as by the text. It will there be seen that in some states it is held that

the practice of laying down general principles relating to the offense charged in all its degrees, without reference to the evidence in the case, is objectionable as tending to confuse and perplex the jury. And that if the evidence shows that the offense of the accused is either murder in the first degree or homicide in self-defense, and the jury convict of murder in the first degree, an uncalled-for instruction on murder in the second degree cannot injure the accused. See also § 191.

We have examined with care a very extended list of authorities cited by appellant, and said to sustain his assignment of error on this point, but are unable to read any of them as doing so. Practically all of them are cases in which the evidence was before the appellate court, and in which it is disclosed that there was evidence entitled to greater or less weight on which the jury could have found the defendant guilty of one of the lesser offenses; and many of them contain expressions directly negativing the contention of appellant in the case at bar. As an illustration, without reviewing such authorities at length, in State v. McPhail, 39 Wash. 199, 81 Pac. 683, the syllabus states: "Where there is any evidence proving an inferior degree of crime charged in the information, the court must submit it by proper instructions; but if there is no testimony proving a lesser crime, the court is not required to submit it." And in State v. Cody, 18 Or. 506, 23 Pac. 891, 24 Pac. 895, the court limits its holding that the law should be given the jury as to the lesser offenses to cases in which there is any question as to accused being guilty of the greater.

6. We call attention to another reason which might be held to sustain the judgment of the trial court, but find it unnecessary to pass upon it at this time. This court held in State v. Haynes, 7 N. D. 352, 75 N. W. 267, that, although it would have been correct practice to have submitted instructions as to the law governing a phase of the case, failure to instruct when not requested is not reversible error. See also State v. Johnson, 8 Iowa, 525, 74 Am. Dec. 321, and Territory v. Bannigan, 1 Dak. 451, 46 N. W. 597, and State v. Vierck, 23 S. D. 166, 139 Am. St. Rep. 1040, 120 N. W. 1098; State v. Sutterfield, 22 S. D. 584, 119 N. W. 548.

Finding no reversible error in the record before this court, the judgment is affirmed.