## STATE OF NORTH DAKOTA v. JOE LaFLAME.

(152 N. W. 810.)

**Prohibition law — enforcement — deputy sheriff — executive officer.**

1. Under § 10107, Comp. Laws 1913, for the purposes of enforcement of the prohibition law, a deputy sheriff is an executive officer of the state.

**Immunity from arrest — payment of money for — to deputy sheriff — bribery — felony.**

2. Payment of money to a deputy sheriff to procure immunity from future arrest for violation of the prohibition law constitutes giving a bribe, a felony.

**Information — bribery — giving money with corrupt intention — charging clause — wilfully — unlawfully — feloniously.**

3. The information did not charge the money to have been given with a corrupt intent, although it charged it to have been wilfully, unlawfully, and feloniously given. *Held*, the equivalent of an allegation that the money was given with corrupt intent.

**Bribery — crime of — executive officer — money feloniously paid — immunity from arrest — not necessary to complete crime.**

4. The crime of giving a bribe to an executive officer of the state was complete when money was feloniously paid to influence future official conduct with reference to a possible future violation of law. It is not necessary that the law be violated and the officer desist from arresting, as the crime is complete without the happening of such contingencies.

---

Note.—The authorities passing upon the question as to what constitutes bribery are reviewed in the notes in 97 Am. Dec. 711, and 116 Am. St. Rep. 38.

**Instructions — corrupt intention — in payment of money to officer.**

5. Instructions are complained of because the word "corrupt" was not used in defining the intent with which the money was paid the officer. The instructions are held sufficient.

**Evidence — not before supreme court — instructions deemed sufficient.**

6. Where the evidence is not before the supreme court, and instructions may or may not be erroneous, dependent upon whether within or without the scope of the proof, they will be deemed sufficient.

Opinion filed May 14, 1915.

Appeal from the District Court of Divide County, *Leighton,* J. Affirmed.

*Geo. Cudhie* and *C. E. Brace,* for appellant.

The law does not impose any duty on a deputy sheriff; it does not recognize him as an officer within himself. 9 Am. & Eng. Enc. Law, 369; Coltrain v. McCain, 14 N. C. (3 Dev. L.) 308, 24 Am. Dec. 256.

A deputy sheriff is not a state officer within the meaning of the Constitution. Russell v. Lawton, 14 Wis. 203, 80 Am. Dec. 769; State ex rel. Walker v. Bus, 135 Mo. 325, 33 L.R.A. 616, 36 S. W. 636; N. D. Const. § 173; Wilson v. Russell, 4 Dak. 376, 31 N. W. 645; Summerville v. Sorrenson, 23 N. D. 460, 42 L.R.A.(N.S.) 877, 136 N. W. 938; Ditch v. Edwards, 26 Am. Dec. 414 and note, 2 Ill. 127.

A public officer is one who, by implication or express authority, has the right to exercise some portion of the sovereign power in making, executing, or administering the laws. Mechem, Pub. Off. §§ 1–9; State ex rel. Clyatt v. Hocker, 39 Fla. 477, 63 Am. St. Rep. 179, 22 So. 721; Eliason v. Coleman, 86 N. C. 235; High, Extr. Legal Rem. § 626; 4 Standard Enc. Proc. 569; State v. Pritchard, 107 N. C. 921, 12 S. E. 50; Sharp v. United States, 71 C. C. A. 258, 138 Fed. 878; People v. Emmons, 7 Cal. App. 685, 95 Pac. 1032; Higgins v. State, 157 Ind. 57, 60 N. E. 685; Com. v. Root, 96 Ky. 533, 29 S. W. 351; People v. Hammond, 132 Mich. 422, 93 N. W. 1084; State v. Graham, 96 Mo. 120, 8 S. W. 911.

Where corrupt intent is made an ingredient of the offense by statute, it is necessary, not only to charge, but to prove it. People v. Bilitzke, 174 Mich. 329, 140 N. W. 590; Comp. Laws 1913, §§ 9303, 10362.

The information must allege the particular facts necessary to bring

the case within the intent and meaning of the statute. State v. Howard, 66 Minn. 309, 34 L.R.A. 178, 61 Am. St. Rep. 403, 68 N. W. 1096; 5 Cyc. 1042, 1044; 3 Enc. Pl. & Pr. 698; Bishop, Directions & Forms, §§ 245–250; People v. Jackson, 191 N. Y. 293, 15 L.R.A.(N.S.) 1173, 14 Ann. Cas. 243, 84 N. E. 65.

An officer must be actively engaged in the legal performance of a duty as such at the time of the bribery or offer of the money. Moore v. State, 44 Tex. Crim. Rep. 159, 69 S. W. 521; Moseley v. State, 25 Tex. Crim. Rep. 515, 8 S. W. 652; Re Yee Gee, 83 Fed. 145; State v. Butler, 178 Mo. 272, 77 S. W. 560; United States v. Boyer, 85 Fed. 425; United States v. Gibson, 47 Fed. 833.

*Henry J. Linde,* Attorney General, and *Geo. P. Homnes,* State's Attorney, for respondent.

A public officer is defined, "as the right, authority, and duty created and conferred by law, by which for a given period, either fixed by law or during the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government to be exercised by him for the benefit of the public. Mechem, Pub. Off. § 1; 29 Cyc. 1364; 1 McClain, Crim. Law, § 646.

A deputy sheriff is a public officer. Comp. Laws 1913, §§ 833, 3521– 3523, 10107; State ex rel. Wingate v. Valle, 41 Mo. 30; People ex rel. Throop v. Langdon, 40 Mich. 673; Rowland v. New York, 83 N. Y. 376; State ex rel. Cannon v. May, 106 Mo. 488, 17 S. W. 660; United States v. Maurice, 2 Brock. 96, Fed. Cas. No. 15,747; State v. Dierberger, 90 Mo. 369, 2 S. W. 286; 29 Cyc. 1395; Williamson v. Lake County, 17 S. D. 353, 96 N. W. 702; Florez v. State, 11 Tex. App. 102; Ex Parte Winters, — Okla. Crim. Rep. —, 51 L.R.A.(N.S.) 1087, 140 Pac. 164.

If the law applies to the one who accepts a bribe, under such state of facts, it is good as against the briber. State v. Duncan, 153 Ind. 320, 54 N. E. 1067; State v. McNally, 34 Me. 210, 56 Am. Dec. 650.

An executive officer is one whose duties are to cause the laws to be executed and obeyed. Petterson v. State, — Tex. Crim. Rep.—, 58 S. W. 100; People v. Salsbury, 134 Mich. 537, 96 N. W. 936.

The exact words of the statute defining a crime need not be used in charging its commission, but other words meaning the same thing may be used. Comp. Laws 1913, §§ 10692, 10693; 1 Bishop, Crim.

Proc. §§ 626–628; Com. v. Bean, 11 Cush. 414; State v. Howard, 66 Minn. 309, 34 L.R.A. 178, 61 Am. St. Rep. 403, 68 N. W. 1096.

The mere omission of the use of statutory terms will not render the charge in the information subject to objection, where equivalent terms are used. State v. Fooks, 29 Kan. 425; State v. McGaffin, 36 Kan. 320, 13 Pac. 560; United States v. Wilson, 29 Fed. 286; State v. Eames, 39 La. Ann. 986, 3 So. 93; Bishop, Directions & Forms, 245–250.

The corrupt intent must be alleged in the indictment. One or more of the words "wilfully," "feloniously," "corruptly," or "unlawfully" may be used. 4 Standard Enc. Proc. § 570; Sharp v. United States, 71 C. C. A. 258, 138 Fed. 878; People v. Emmons, 7 Cal. App. 685, 95 Pac. 1032; Higgins v. State, 157 Ind. 57, 60 N. E. 685; Com. v. Root, 96 Ky. 533, 29 S. W. 351; People v. Hammand, 132 Mich. 422, 93 N. W. 1084; State v. Graham, 96 Mo. 120, 8 S. W. 911; State v. Pritchard, 107 N. C. 921, 12 S. E. 50.

In bribery, the offense is complete when an offer or reward is made to influence the vote or action of the official. It need not be averred that the vote, if procured, would have produced the desired result, nor need authority to do the thing desired be alleged. State v. Ellis, 33 N. J. L. 102, 97 Am. Dec. 707; Shircliff v. State, 96 Ind. 369; Scoggins v. State, 18 Tex. App. 298; People v. Markham, 64 Cal. 157, 49 Am. Rep. 700, 30 Pac. 620; 4 R. C. L. §§ 13, 17, pp. 183, 187; Tillman v. State, 58 Fla. 113, 138 Am. St. Rep. 100, 50 So. 675, 19 Ann. Cas. 91.

Under some statutes, the contrary rule of pleading is required. 5 Cyc. 1043, 1044; Com. v. Lapham, 156 Mass. 480, 31 N. E. 638; Higgins v. State, 157 Ind. 57, 60 N. E. 685.

Goss, J. Defendant is charged with giving a bribe "to an executive officer of this state," one Henderson, "deputy sheriff," with intent to influence unlawfully "the said Henderson as deputy sheriff to protect the said Joseph LaFlame against arrest, and to refrain from arresting him, said Joseph LaFlame, . . . for selling intoxicating liquors as a beverage in violation of the laws of North Dakota, the said LaFlame then and there knowing that the said Henderson was then and there a duly appointed, qualified, and acting deputy sheriff of said county in

said state." The error alleged comes to this court on appeal from a judgment of conviction rendered pursuant to verdict and after overruling of a demurrer to the information. Defendant contends "that a deputy sheriff is not an executive officer of the state, he being in fact not an officer, but merely the deputy or agent of an officer, the sheriff. . . . That, in contemplation of law, the sheriff and his deputies are but one officer, and that attempts to influence the acts of the deputy are in law attempts to influence the acts of the sheriff himself, hence an attempt to bribe a deputy is an attempt to bribe the sheriff, and must be so pleaded." And appellant cites Wilson v. Russell, 4 Dak. 376, 31 N. W. 645, and Summerville v. Sorrenson, 23 N. D. 460, 42 L.R.A.(N.S.) 877, 136 N. W. 938, holding that, to be valid, the acts of the deputy must be done in the name of the officer of whom he is a deputy.

It is unnecessary to pass upon what phases the case might present independent of § 10107, Comp. Laws 1913. It is there provided that "it shall be the duty of every sheriff, deputy sheriff, constable, mayor, marshall, police judge and police officer of any city or town having notice or knowledge of any violations of the provisions of this chapter to notify the state's attorney of the fact. . . . If any such officer shall fail to comply with the provisions of this section he shall upon conviction be fined . . . and such conviction shall be a forfeiture of the office held by such person. . . . For a failure or neglect of official duty in the enforcement of this chapter, any of the city or county officers herein referred to may be removed by civil action." The bribery charged consists in influencing by use of money a deputy sheriff to refrain from arresting a violator of our prohibition law. Section 10107 declares a deputy sheriff to be an officer clothed with an official duty, as such, to enforce that particular law, and subject to criminal prosecution, as well as removal from office, for failure or neglect to obey that statute. Charged with the duty, he possessed power to act as an officer and deputy sheriff with respect to such particular duty enjoined. All other questions are incidental or collateral. It is immaterial that a deputy must make his official return in the name of the office and the officer for whom he is deputy. Under this statute concerning this matter he is an officer of the state, with duties devolving upon him under the law, and occupies

an official status. Bribery can be committed by unlawfully influencing his official action.

The next ground of demurrer is that the information does not allege that the acts charged were done corruptly. It is charged that defendant did all said acts "wilfully, unlawfully, and feloniously," and did offer and give a bribe with an intent to influence official conduct, and to procure thereby his immunity from arrest for crime. Bribery is charged in the words of the statute. Section 9303, Comp. Laws 1913. It is true that, to constitute a bribe as defined by § 10362, Comp. Laws 1913, the money must be given or offered with a corrupt intent; and "corruptly" is also defined by § 10359. The statutes have a common-law origin though the penalty has been increased by statute. California has almost identical statutes. As the same contention here made was advanced in People v. Seeley, 137 Cal. 13, 69 Pac. 693, the following from that opinion is authority: "It is claimed by defendant that the information does not charge an offense for the reason that it does not allege that the agreement was made with corrupt intent. The information follows the language of the statute and is sufficient. It states that defendant unlawfully and feloniously asked and agreed to receive $200 upon the agreement that his vote, opinion, and action upon the matter of accepting a school building should be influenced thereby. The agreement to unlawfully and feloniously receive the money for the purpose of influencing his vote is equivalent, in the meaning of the statute, to corruptly agreeing to receive it for the purpose of influencing his vote. If his vote should be feloniously influenced by money it would be corruptly influenced." Under State v. Climie, 12 N. D. 33, 94 N. W. 574, 13 Am. Crim. Rep. 211, "an information is sufficient which sets out every ingredient of the offense defined by statute, and in the language of the statute." And in 4 Standard Encyclopedia of Procedure, 470, under "Bribery," it is stated: "The corrupt intent must be alleged in the indictment. It is customary to use one or more of the words, 'wilfully,' 'feloniously,' 'corruptly,' or 'unlawfully.'" And such is the holding in State v. Fordham, 13 N. D. 494, 101 N. W. 888, a prosecution for robbery. The information omitted the word "steal," charging that the defendant committed the crime of robbery by unlawfully, wrongfully, and feloniously taking and carrying away, together with the other essentials to constitute that crime, but a specific intent to

steal was not charged other than inferentially. The jury were not instructed that an intent to steal must be found before conviction for robbery could be had, and on a motion a new trial was granted because of such omission.

On appeal the sufficiency of the information was reviewed under an attack, as here, by demurrer. It was held that a new trial was properly granted for failing to inform the jury that the intent with which the property was forcibly taken was material. Also held that such instruction was not beyond the averments of the information, because with the statutory definition of the crime, together with the use of the word "felonious," and intent to steal was charged by implication. Such is but the reasoning of the California court in its conclusion that, "if his vote should be feloniously influenced by money, it would be corruptly influenced."

The third assignment of error based on the demurrer is that "the information does not allege that the alleged officer was doing or about to do some official act which the defendant bribed or attempted to bribe him not to do. In other words, there are no allegations showing that the alleged officer was performing or about to perform such lawful duty relative to which there was an attempt to bribe him, nor that defendant was doing or intending to do any unlawful act for which he was seeking protection." Most of this assignment is devoted to appellant's contention that a deputy sheriff cannot be an official to influence whose acts can constitute bribery. The contrary is the law under our prohibition statutes. The information is sufficiently specific, and not subject to question on this assignment. In the words of People v. Markham, 64 Cal. 157, 49 Am. Rep. 700, 30 Pac. 620: "If the party corruptly give or promise any gift or gratuity whatever, 'with intent to influence the act, vote, opinion, decision, or judgment' of any officer, whether executive, legislative, or judicial, on any matter, cause, or proceeding which may be then pending or may by law come or be brought before him in his official capacity, the crime is complete although the matter never should come before such officer." And again: "The scope of the definition of bribery is as broad as the duties of the officer who accepts the bribe. It is the duty of a police officer to arrest, with or without warrant according to circumstances, every person who violates § 330 of the Penal Code. If, therefore, he agreed, in consideration of money paid him,

not to arrest any person who should violate § 330, it would seem to the ordinary comprehension that he was bribed with respect to a matter which might be a subject of his official action." To constitute the asking or receiving of a bribe, it is not necessary that the officer fulfil his agreement and desist from arrest, or that the unlawful contingency arise under which he is to desist from arresting what would then be an offender against a criminal law. As held in People v. Markham, the crime is complete without the happening of such contingency. And what is true of accepting a bribe must be equally true as to the giving of one. It is immaterial therefore whether the officer was not performing or about to perform a duty of arresting for violation of the prohibition laws, or that the defendant had not in fact committed a violation of that law. The crime was complete when the offer was made feloniously or corruptly to influence official conduct with reference to a possible future violation of law, or to purchase future exemption from arrest with respect thereto. The information was not subject to these grounds of demurrer.

Error is assigned upon instructions, and duplicate argument presented to the assignments above urged to the overruling of the demurrer. These are leveled at the charge given that the deputy sheriff was an executive officer of the state. Another exception is that covered under the third assignment taken on demurrer. A further exception is taken because a specific instruction upon corrupt intent was not given. The court instructed that, to convict, the jury must find beyond a reasonable doubt "that defendant gave Henderson money, and that said money was so given with an intent on the part of defendant to influence Henderson so that he would refrain from arresting defendant and permit defendant to sell intoxicating liquors contrary to law." The jury convicted. No transcript of testimony accompanies the record. Presumably the instruction is within the scope of the proof, and the proof sufficient thereunder to establish guilt. Defendant makes no claim to the contrary, nor has he any basis for a claim of innocence without the transcript being here. If a situation can be conceived under which defendant could have given the officer money with intent to influence him not to arrest, but permit unlawful sales of intoxicating liquors, and still there be no corrupt intent present, it would certainly be so exceptional as to place upon the defendant the burden of pointing to proof

upon it.    The practice of assigning error upon instructions without bringing up the testimony is not to be encouraged.    It has already been condemned.    State v. Woods, 24 N. D. 156, 139 N. W. 321.    However, it appears that for reasons stated it was difficult, if not impossible, to procure a transcript of the evidence.    But under State v. Woods, supra, where "the evidence is not before the supreme court, an instruction will not be held erroneous unless it is so under every possible view of the case, and that it will be presumed to be correct as applied to the evidence, unless abstractly wrong," the instruction may be as favorable as defendant could ask for, depending upon the proof.    Applying this rule, it cannot be said that the instruction must be held erroneous.

The judgment therefore is affirmed.