[Crim. No. 1905. Second Appellate District, Division One.—July 1, 1930.]

.THE PEOPLE, Respondent, v. WILLIAM R. McGEE, Appellant.

Sidney Sampson for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

YORK, J.—Defendant was found guilty and sentenced on a charge of the crime of bribery contained in an information filed by the district attorney of Los Angeles County.

Appellant's first contention upon appeal is that the testimony introduced on behalf of the People is not sufficient to prove any of the material issues set forth in the information. Although there are some uncertainties in the evidence introduced, the matter was tried before the court without a jury, and a careful scanning of the evidence discloses the fact that there was sufficient evidence to support the charge contained in the information.

The second contention of appellant is that the court erred in denying defendant's motion for dismissal. This motion was properly denied because of the foregoing conclusion reached by this court upon an examination of the evidence.

The third objection of appellant is that the information does not state sufficient facts to constitute a public offense. Although the information may not be a model, it is, however, sufficient to inform the defendant of the crime with which he was charged, and as the matter was tried upon the actual public offense charged, the defendant could not have suffered any prejudice by reason of any of the slight imperfections in the form of the information as drawn.

The fourth objection of appellant is that the judgment is against law, but this objection is evidently wholly based

upon the same objections that we have heretofore covered in this opinion.

The judgment and order denying motion for a new trial are both affirmed.

Houser, J., concurred.

CONREY, P. J., Concurring.—I concur in the judgment. The gist of appellant's objection to the sufficiency of the evidence is found in his claim that the statements made by appellant to the officer Dutton were not sufficient to constitute the offering of a bribe. According to the testimony of Dutton, appellant represented himself to be an old friend of the husband of the defendant in the criminal action in which Dutton was a prospective witness; that appellant suggested that Dutton might "testify at the time of the trial that you don't know anything about the liquor." Apparently this referred to the question whether or not the defendant in the criminal action was intoxicated at the time of the automobile collision, which was the transaction out of which the prosecution arose in that action. Dutton further testified that appellant said to him: "You know if you can do anything to fix this up, why, everything will be fixed up fine for you and you will be taken care of." Dutton further testified in reference to the same matter, that appellant said: "We can't afford to have this brought up, and you know everything will be fixed up for you, if you can testify at the time of the trial that you don't know anything about the liquor case." It seems to me that this evidence was sufficient to prove the offer of something of value or advantage, with a corrupt intent to influence unlawfully the person to whom the promise was made. "It is not necessary to a completion of the crime of offering to give a bribe that the thing offered as a bribe should have a present existence or a definite and ascertained value." (*People* v. *Vincilione*, 17 Cal. App. 513 [120 Pac. 438, 440].)

In section 952 of the Penal Code (Stats. 1929, p. 303) it is provided that in charging an offense the statement that the accused has committed the specified public offense "may be in the words of the enactment describing the offense or declaring the matter to be a public offense, or in any words sufficient to give the accused notice of the offense of which

he is accused." The amended information on which appellant was tried was amply sufficient to meet this requirement. (*People* v. *Berg*, 96 Cal. App. 430 [274 Pac. 433]; *People* v. *Lannagan*, 96 Cal. App. 669 [274 Pac. 607].)

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 15, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 31, 1930.