[Crim. No. 2751.   Second Appellate District, Division Two.—September 3, 1935.]

THE PEOPLE, Respondent, v. BEN F. KERNS, Appellant.

Horowitz & McCloskey for Appellant.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Buron Fitts, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

CRAIL, J.—The defendant was charged under numerous counts in an information with bribery, extortion and attempted extortion. A jury was waived and after trial defendant was found guilty of bribery upon ten counts, of extortion upon fifteen counts, and of attempted extortion upon one count. In each of the counts of bribery, the defendant was charged with ''wilfully, unlawfully, corruptly, knowingly and feloniously asking . . . a bribe, . . . for the purpose of influencing the opinion and action of the said Ben F. Kerns [defendant] upon official matters then pending before him and which might thereafter be brought before him in his official capacity as Junior Epidemiologist-Bacteriologist of the Department of Public Health of the State of California, . . . the said defendant being then and there and at all times herein mentioned an executive officer of the State of California . . . ''

The first contention of the defendant is that he was not an executive officer and was therefore not subject to the provisions of section 68 of the Penal Code, as it existed at the time of the alleged offenses. At that time said section, as it applies to this case, provided that any executive officer who asks any bribe upon any understanding that his action upon any matter then pending in his official capacity shall be influenced thereby is punishable, etc.

The defendant was employed, under the authority of the board of public health of California, as a junior epidemiologist-bacteriologist, to enforce quarantine regulations with regard to all birds of the psittacine family, because of an epidemic of fever and sickness among such birds which was dangerous to the public health. At the trial it was stipulated that ''On January 19, 1932, the State Board of Health approved the action of the Director of Public Health of the State of California in employing Mr. B. F. Kerns, the defendant here, as an epidemiologist-bacteriologist, at the salary of $150.00 per month for one month, and from month to month thereafter; that employment continued until June 17, 1933.'' Defendant's duties were prescribed by the state board of

health; he was to make a survey in Los Angeles city and county and near-by counties; some of the literature of the department described him as "Supervisor Psittacosis Control, State Department of Public Health". In other evidence, he was described as "Inspector, State Board of Health". It was his duty, among other things, to sign shipping certificates when birds were to be shipped interstate; and express companies would not accept birds without that certificate. It was his duty to inspect aviaries for quarantine purposes. He wore a badge upon which was the legend "Inspector".

During this time Dr. Porter, director of the state department of health, issued an order dated October 6, 1932, to all health officials under the provisions of section 2979 of the Political Code, directing the isolation and confinement of every bird of the psittacine family and that the premises upon which they were found be quarantined, and that any violation of the quarantine as provided in the order constituted a misdemeanor. It was the defendant's duty as inspector to enforce this order.

Title VII of the Political Code concerns itself with the police powers of the state. Article I of chapter II thereof provides for the state board of health and section 2979 thereof is entitled: "Powers and duties of board". Among other things, it provides: "It shall have general power of inspection, examination, quarantine and disinfection of persons, places and things, within the state, and for the purpose of conducting the same may appoint inspectors, who, under the direction of the board, shall be vested with like powers. . . . "

The defendant's activities were in the exercise of one of the sovereign powers of the state, to wit, the police power. Viewing the evidence in the light most favorable to the respondent, the duties of the defendant involved (first) the formation of an opinion by the inspector which would form (second) the basis of action in executing the law. In *People* v. *Markham,* 64 Cal. 157 [30 Pac. 620, 49 Am. Rep. 700], the Supreme Court affirmed a judgment in which a police officer was convicted of bribery under section 68 of the Penal Code. In *People* v. *Edson,* 68 Cal. 549 [10 Pac. 192], a police officer was convicted in the trial court of bribery under the said section; the court held the indictment good, citing the Markham case with approval, although the case was reversed on other grounds. In *Harris* v. *Superior Court,* 51 Cal. App.

15 [196 Pac. 895], the court held that a police officer was chargeable with bribery under said section 68. In *People* v. *Lips,* 59 Cal. App. 381 [211 Pac. 22], the defendant, a deputy sheriff of Los Angeles County, was so held and the conviction affirmed, the court saying: "It is insisted that he was a ministerial officer. If it be conceded that he was the latter, it cannot therefore be said that he was not an executive officer. Of our three branches of government, the executive, the legislative, and the judicial, sheriffs and their deputies undoubtedly belong to the first named." In *People* v. *Anderson,* 75 Cal. App. 365 [242 Pac. 906], a city marshal of the city of Torrence was convicted of bribery under said section and the conviction was sustained. In *Logan* v. *Shields,* 190 Cal. 661 [214 Pac. 45], the petitioner was employed "as a traffic officer or employee" by the board of supervisors and the question arose whether he was an officer or merely an employee. Among other things, the court said: "It clearly follows that as the duty of the petitioner herein was to regulate traffic upon the public streets of the county of San Mateo, he was to that extent exercising a part of the sovereign power of the state and for that reason was a public officer as distinguished from a mere employee, such as a street sweeper or laborer upon the highway." There is a sharp conflict in the evidence regarding the matter, but we are satisfied that there is substantial evidence in the record to sustain the implied finding that the defendant was an executive officer within the meaning of said section 68 of the Penal Code.

It is the next contention of the defendant that each of the bribery counts fails to state a public offense for the reason that it fails to allege "that the accused was ready to agree or enter into an understanding". In *People* v. *Squires,* 99 Cal. 327, 330 [33 Pac. 1092], the Supreme Court said, with regard to a similar statute: "Section 93 of the Penal Code renounces as liable to punishment those who ask for a bribe. To complete the offense it is not necessary that the party approached shall consent to give it. Unless he does so there could be no agreement or understanding. In such case it cannot be charged that such agreement or understanding exists, but only that the accused was ready to agree or enter into an understanding." In the instant case, it is not necessary that there be an understanding, in the sense of an agreement, with the person unlawfully approached but merely an

understanding on the part of the bribe seeker himself that his official action shall be influenced. We are satisfied that the language of the information, the relevant parts of which we set forth above, is a sufficient allegation in this regard. (*People* v. *Beesly,* 119 Cal. App. 82 [6 Pac. (2d) 114, 970] ; *People* v. *McGee,* 107 Cal. App. 56 [290 Pac. 61] ; *People* v. *Seeley,* 137 Cal. 13 [69 Pac. 693].)

█ Except one, all of the remaining points of the defendant depend upon the contention that the evidence, in the respect therein specifically set forth, is insufficient. It is not necessary to discuss in detail the facts and circumstances in evidence. It is sufficient to say that there is substantial evidence to sustain the conviction on each of the several counts upon which defendant was convicted; that the testimony of the Cohns is not (as claimed) inherently improbable; and that there was substantial evidence that the injuries which were threatened under the counts of extortion were unlawful injuries as distinguished from lawful ones. █ The final contention of the defendant is that the trial court indicated such a prejudicial attitude toward the defendant during the progress of the trial that he is entitled to a new trial. We see no merit in this contention.

Judgment affirmed.

Stephens, P. J., and Fricke, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 18, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 3, 1935.