PETER BLACK, *alias* WILLIAMS, plaintiff in error, *vs*. THE STATE OF GEORGIA, defendant in error.

(MONTGOMERY, Judge, was providentially prevented from presiding in this case.)

1. When a motion to continue on account of the absence of a material witness was made and refused, and it appears by the certificate of the Judge that the witness was, by order of the Judge, brought into Court and was present during the trial, but was not used by the defendant:
*Held*, That there was no ground for a new trial, and that this Court will presume under the certificate of the Judge that the presence of the witness was with the knowledge of the prisoner.
2. The verdict in this case is not, under the evidence set forth in the record, so contrary to the evidence as to justify this Court in granting a new trial.
3. Upon motions to set aside the verdicts of juries, the discretion exercised by the Judges of the Superior Courts exercise a large element in their consideration in this Court. (R.)

Criminal law. Assault with intent to murder. Continuance. Before Judge STROZIER. Sumter Superior Court. April Adjourned Term, 1872.

Peter Black, *alias* Peter Williams, was put upon trial for the offense of an assault with intent to murder, upon the person of one S. Fleishman, alleged to have been committed with a hickory club and a large knife, on December 28th, 1871. The defendant pleaded not guilty.

When the case was called, defendant moved for a continuance on account of the absence of Mollie Davenport, a material witness for the defense, by whom he expected to prove that the premises whereon the difficulty occurred between him and prosecutor were rented and controlled by defendant at the time. The formal showing as to her having been served with a subpœna, etc., was duly made.

The motion was overruled and the defendant excepted.

To this ground of exception the presiding Judge attaches the following note: "After the Court had overruled the motion for a continuance, the Court sent and brought in said Mollie Davenport, and she was in Court during the trial, but was not introduced by the defendant."

The following evidence was introduced for the prosecution:

S. Fleishman, sworn: On December 28th, in the evening, S. Cohen went to Orange Laramore's house to see about some carpenter work; witness accompanied him; when witness entered the house the room was rather dark; two women were in the room; asked if Orange was at home; they said not; asked the woman on the right hand of the fire-place which was Orange's wife; asked her where Orange went to, where he was. While witness was talking, defendant came out of a dark corner and attacked Cohen and struck him on the head wiih a green, heavy stick, saying "you know, you know;" the stick was heavy enough to kill a mule; thinks it was a hickory slick; cannot tell the exact size; hearing the stick striking and the words "you know," witness turned round when he hit him over the head with the stick; witness' head commenced to bleed; said he intended to kill every white son of a bitch down there. This occurred in Sumter county, on the property of Dr. Holloway. Cohen told witness that he had been down there before and defendant had run him off; did not go down there to see the women; had never been there before; witness feared a difficulty; any time witness goes out he prepares himself; witness did not draw his pistol till defendant had struck him two or three times; then witness shot him twice; did not rush on defendant when he struck Cohen; did not know anything about defendant's keeping Julia; it was about nine o'clock at night, or after; witness hit defendant when he shot; witness was up the next day but was no account for business; the stick was heavier than a broom stick.

Julia Worrill, sworn: Witness lived on a place that belonged to Dr. Holloway; Orange rented from Dr. Holloway and witness rented from him. One night Mr. Cohen came down there when witness and defendant were off talking; defendant asked him what he was doing there; said he wanted to see Orange; defendant said he should not go in there. Mr. Cohen said he should, because witness lived there and had told him that he could come in. Orange went off with defendant. The second time Mr. Cohen came Mr. Fleishman

Black vs. The State of Georgia.

was with him; they opened the door and asked where Orange was; defendant said "that man took him off;" defendant then struck Mr. Fleishman; he had no control over the house; was only a visitor; came to see witness; never saw Fleishman before; he said nothing to witness; only asked where Orange's wife was; defendant struck Mr. Cohen first. Fleishman did not shoot until after defendant struck him; he had his back towards defendant when he was struck; he was talking to Orange's wife. The stick with which Fleishman was struck was large enough to kill a mule if the blow was sufficiently hard.

The defendant introduced no testimony. The jury returned a verdict of guilty. Whereupon the defendant moved for a new trial, because the Court erred in overruling the motion for a continuance, and because the verdict was contrary to the law and the evidence. The motion was overruled and the defendant excepted.

GEORGE W. WOOTEN; C. T. GOODE; J. A. ANSLEY, for plaintiff in error.

C. F. CRISP, Solicitor General; FORT & HOLLIS, for the State.

McCAY, Judge.

It is no part of the duty of this Court to give merely theoretical judgments. Even if a Judge of the Superior Court has committed an error, yet, if the history of the case shows it did not affect the rights of the parties, this Court will not interfere with the judgment. Suppose the Judge did err in refusing this continuance. We do not say he did—yet, the witness was in fact present at the trial, and the accused lost nothing by his absence. We are free to say that we see some circumstances in the evidence in this case that go to mitigate the offense of which the accused is charged. But as we have so often said, this Court is not a jury. Nor is it a Court of appeal from the verdict of a jury. The theory of our law, and we think it a wise one, leaves the decision of

questions of fact to a jury of twelve men, and it requires from them an unanimous verdict. The Court ought only to interfere with that verdict when it discovers mistake, passion, prejudice, something indicating that the jury have not fairly decided the question. A mere difference of opinion, as to the general result of the testimony, a different estimate of the truthfulness of the witnesses, is not a proper ground for a new trial. More especially is this true in the relation *this* Court bears to a verdict. Our jurisdiction is over the judgment of the presiding Judge, in granting or refusing a new trial. If he be satisfied with the verdict, it comes to us with the additional weight of his refusal to exercise the discretion given to him by law, in cases where the verdict seems to be contrary to the weight of evidence, and if he grant the new trial, the verdict comes to us weakened by the weight of his discretion against it. The Judge of the Superior Court occupies thus an important place in a discussion here over a motion for new trial. For the purpose of finding a verdict, the jurisdiction over questions of fact is exclusively with the jury. But when a verdict is found, and is complained of as not in accord with the proof, the functions of the Judge of the Superior Court are, by law, to be exercised in the case. He hears and sees the witnesses. He is present, and knows something of the unwritten history of the trial, and the law casts upon him not only a right but a duty to examine the case, and form his own conclusions. This it is his imperative duty to do in a wise, just, fair spirit; holding the scale of justice even, and to grant or refuse a new trial, accordingly, as in his judgment, the verdict is contrary to evidence and to the principles of justice and equity. This Court will not interfere, unless, on looking at the whole case, we are satisfied that the Judge has himself acted hastily and without a due consideration of the question before him.

We desire to impress upon the Judges of the Superior Court the importance to the rights of the parties, and to the public interest, of the position they occupy in relation to verdicts of juries, and to say, that in our decisions here on questions

of new trial, on the facts, we do and shall consider the discretion they have exercised a large element in the question as it comes before us.

In view of these principles, we do not feel authorized to reverse the judgment of the Judge in this case.

Judgment affirmed.