## THE STATE v. GRIFFIN.

1. **Larceny**: INDICTMENT : SUFFICIENCY. The indictment in this case alleged that defendant, at a named time and place, "took, stole and carried away one horse, of the value of one hundred and fifty dollars, the said property belonging to J. W.," etc. *Held* that it was not bad on the ground that it failed to state that the horse was "feloniously" taken,—for to charge the stealing of property of such value is to charge a felony; nor on the ground that it did not charge that W. was the owner of the horse when taken,—it being sufficiently clear on that point; nor on the ground that it did not charge the intent of the defendant to convert the horse to his own use,—the averment that he "took, stole and carried away" the horse being sufficient to show the intent.

2. **Practice**: TRIAL : IRREGULARITIES : NO PREJUDICE SHOWN. The facts that during the trial of this case the judge called an attorney to preside while he absented himself for a time, and that the attorney so presiding interrupted defendant's counsel while addressing the jury, and that there was confusion in the court room during this time, will not justify a reversal, where it does not appear that such irregularities worked any prejudice to defendant.

*Appeal from Warren District Court.*—HON. O. B. AYRES, Judge.

FILED, FEBRUARY 11, 1890.

DEFENDANT was indicted, tried and convicted of the crime of larceny, and he appeals.

*Powell & McGarry* and *H. McNeil*, for appellant.

*John Y. Stone*, Attorney General, for the State.

ROTHROCK, C. J.—I. The body of the indictment is in these words: "The said William H. Griffin, on the ninth day of August, A. D. 1886, in the county of Warren aforesaid, took, stole and carried away one horse of the value of one hundred and fifty dollars, the said property belonging to one James Wheeler, contrary to the form of the statute in such case made and provided, against the peace and dignity of the state of Iowa." It is claimed by counsel for defendant that the indictment is fatally defective, in that it is not alleged therein that the horse was feloniously taken by the defendant. It is true that under our practice it is usually averred that the act was feloniously done. But we do not think such an averment is essential to the validity of an indictment. When, as in this indictment, it is alleged that the defendant "stole" the horse, and that he was of the value of one hundred and fifty dollars, it is as plain and unmistakable an averment that the act was "feloniously" done as if that word had been used. It is further claimed that the indictment is defective because it does not charge that Wheeler was the owner of the horse when he was stolen. This objection is without merit. It is founded on the fact that the indictment does not contain the words "then and there" before the averment of ownership. This was not necessary. To the common understanding, it is plain that the averment means that Wheeler owned the horse when he was stolen. It is further urged that the indictment does not charge the intent to convert the horse to the defendant's use, and deprive the owner thereof. The averment that the defendant. "took, stole and carried away" the animal was sufficient to show the *animus* with which the act was done.

1. LARCENY: indictment: sufficiency.

II. There is no real dispute on the facts of the case. The defendant went to a barn in Warren county

on the night of the ninth day of August, 1886, and took the horse, and rode or led him to the city of Des Moines, where he arrived at about seven o'clock the next morning. He put him in a livery or sale stable, and offered to sell him for two hundred dollars. The proprietor of the stable suspected that the horse was stolen, and called in an officer, who pretended to buy the animal of defendant. The sale was made at an agreed consideration of one hundred and fifty dollars; and the officer went with defendant to get the money to pay him, and took him to police headquarters and locked him up. He told the parties in Des Moines that he lived near Fort Dodge; that he had raised the horse, and that he had stayed with his uncle, some eight miles from the city, during the previous night. The defense was insanity. The appeal is presented to us upon a full transcript of the evidence, and we have carefully examined it, and have to say that there was an entire failure to show that the defendant was of unsound mind. The court gave the defendant the widest latitude in the trial of the case. Every trait of character showing unusual acts of the defendant was allowed to go in evidence, and there is no ground for complaint of the charge of the court to the jury. It is urged by appellant that the court erred in not explaining to the jury what is meant by the preponderance of evidence, as applied to defense of insanity. We think the charge was sufficient in that respect, and do not deem it necessary to set out the instructions complained of.

III. During part of the time while counsel were engaged in the argument of the case to the jury, the presiding judge called an attorney to preside while he (the judge) absented himself from the court room. Counsel for defendant, in the motion for a new trial, set up as one ground therefor that the attorney was guilty of misconduct during the absence of the judge by interrupting defendant's counsel during his argument, and that there was great disorder in the court room at the

2. PRACTICE, trial: irregularities: no prejudice shown.

same time. We do not think that the showing of misconduct and disorder was sufficient to require a new trial on that account. The interruption of counsel was of a trivial character, and we cannot say that the noise and confusion in the court room was prejudicial to defendant. We discover no grounds for a reversal of the judgment, and unite in the conclusion that it should be                                          AFFIRMED.