# STATE OF NORTH DAKOTA v. ANDY UHLER.

## (156 N. W. 220.)

Continuance — motion for — absence of witness — stipulation as to substance of testimony — if witness present and testifying — impeachment evidence offered — court's ruling on — discretion — diligence — trial court — discretion on — action of — disturbed when — continuance — application for — avoided — stipulation as to evidence — truth of — not necessary — defendant — constitutional rights — accused — witnesses — process to compel attendance.

1. To avoid a continuance on defendant's application, the state stipulated to what the absent witness if present would testify, and on trial offered impreaching evidence: On the contentions of defendant it is *held:*

(a) Denial of the continuance was an exercise of discretion based upon all the record facts, the showing made, including that of diligence, and the likelihood of defendant ever being able to produce said witness.

(b) Decision thereon will be disturbed only for a clear abuse of the discretion vested in the trial court.

(c) Upon such an application it is not necessary to avoid a continuance that the state admit the truth of what it is asserted the absent witness, if present, would testify to.

(d) Reasonably administered, the denial of a continuance upon a concession as here made is not a denial of the constitutional right to process to compel attendance of witnesses in behalf of an accused. An unreasonable denial, however, may be an invasion of such constitutional right.

Juror — challenge — for cause — peremptory — not exhausted — challenge denied — not error.

2. On an appeal no error can be predicated upon the overruling of a challenge to a juror for cause, where the appellant had not exhausted all his peremptory challenges.

Information — names of witnesses indorsed — other witnesses — objection to.

3. There was no error in overruling certain objections to use of a witness whose name was not indorsed upon the information.

Cross-examination — defendant.

4. Error is not shown in the cross-examination of defendant.

Absent witness — testimony conceded — state can impeach.

5. The state could impeach what it was conceded the absent witness, if present, would testify to.

**Trial — delay — to secure absent witness — denial of application.**

    6. There was no error in refusing to delay the trial that defendant might procure Mrs. H. to be present and testify.

**Information — arrest of judgment — motion for — assailed for first time — judgment — sufficient to support.**

    7. The information, for the first time assailed by a motion in arrest of judgment, is held sufficient to support the judgment.

**Instructions — erroneous — prejudicial — proof offered on trial — failure of record to show.**

    8. Instructions, not abstractly wrong, will not be held erroneous or prejudicial when the proof offered on the trial is not brought up on the appeal.

Opinion filed January 5, 1916.

An appeal from the District Court of Grand Forks County, *Cooley,* J., adjudging defendant guilty of robbery.

    Affirmed.

    *J. B. Wineman,* for appellant.

    A defendant on trial for crime has the right to have his witnesses present in court, and to the process of the court to procure them. Comp. Laws 1913, § 10787; N. D. Const. § 13, art. 1.

    A defendant is deprived of this right in its fullness and completeness if the testimony of a witness is brought before the court and jury in any other form, to which he does not give assent. And, where a witness is absent, and continuance is requested upon proper showing, a stipulation by the state as to the testimony of such absent witness is insufficient to bring to defendant the full benefits of his constitutional and statutory rights. State v. Berkley, 92 Mo. 41, 4 S. W. 24; Pace v. Com. 89 Ky. 207, 12 S. W. 271; State v. Wilcox, 21 S. D. 532, 114 N. W. 688; 4 Enc. Pl. & Pr. 865.

    If the state, in such case, is willing to admit the truth of the statements set out in the affidavit for continuance, then the application may be denied. Madison v. State, 6 Okla. Crim. Rep. 356, 118 Pac. 617, Ann. Cas. 1913C, 484.

    If the state does not concede the truth of the testimony which an absent witness would give, the trial court has no power to refuse the defendant's motion for a continuance, when the witness is within the jurisdiction of the court. State v. Twiggs, 60 N. C. (1 Winst. L.)

142; Hyde v. State, 16 Tex. 445, 67 Am. Dec. 630; De Warren v. State, 29 Tex. 464; Skaro v. State, 43 Tex. 88; Hackett v. State, 13 Tex. App. 406; McGrew v. State, 31 Tex. Crim. Rep. 339, 20 S. W. 740; Phipps v. State, 36 Tex. Crim. Rep. 216, 36 S. W. 753; Jackson v. State, 48 Tex. Crim. Rep. 648, 90 S. W. 34; Jenkins v. State, 49 Tex. Crim. Rep. 457, 122 Am. St. Rep. 812, 93 S. W. 726; Purvis v. State, 52 Tex. Crim. Rep. 316, 106 S. W. 355; Davis v. State, 52 Tex. Crim. Rep. 332, 107 S. W. 855; Westerman v. State, 53 Tex. Crim. Rep. 109, 111 S. W. 655; Wheeler v. State, 61 Tex. Crim. Rep. 527, 136 S. W. 68; Francis v. State, — Tex. Crim. Rep. —, 55 S. W. 489, 13 Am. Crim. Rep. 425; Gardner v. State, — Tex. Crim. Rep. —, 59 S. W. 1115; Roberst v. State, 65 Tex. Crim. Rep. 62, 143 S. W. 614; McMillan v. State, 65 Tex. Crim. Rep. 319, 143 S. W. 1174; Burford v. State, — Tex. Crim. Rep. —, 151 S. W. 538; People v. Vermilyea, 7 Cow. 369; People v. Diaz, 6 Cal. 248; People v. Fong Chung, 5 Cal. App. 587, 91 Pac. 105; State v. Wilcox, 21 S. D. 532, 114 N. W. 687; Watson v. State, 118 Ga. 66, 44 S. E. 803; Pannell v. State, 29 Ga. 681; Hood v. State, 93 Ga. 168, 18 S. E. 553; Wheeler v. State, 8 Ind. 117; McLaughlin v. State, 8 Ind. 281; Carmon v. State, 18 Ind. 450; Burchfield v. State, 82 Ind. 580; Madison v. State, Ann. Cas. 1913C, 493 note.

Where defendant is deprived of the presence of his witnesses in court and testifying, the evidence which they would give, as conceded by the state to avoid continuance, must be received free from impeachment. Conley v. People, 80 Ill. 236, 2 Am. Crim. Rep. 445.

Where there is error in overruling a motion for continuance, all proceedings in connection with the trial following are nugatory. Johnson v. State, — Ga. App. —, 85 S. E. 205; Morgan v. State, 13 Ga. App. 434, 79 S. E. 247; Britt v. State, 13 Ga. App. 698, 79 S. E. 859; Hamilton v. State, 3 Ind. 553; McLaughlin v. State, 8 Ind. 281; Miller v. State, 9 Ind. 340; Wassels v. State, 26 Ind. 30; State v. Dawson, 90 Mo. 149, 1 S. W. 827; State v. Neiderer, 94 Mo. 79, 6 S. W. 708; State v. Warden, 94 Mo. 648, 8 S. W. 233; State v. Dyke, 96 Mo. 298, 9 S. W. 925; State v. Loe, 98 Mo. 609, 12 S. W. 254; State v. Abshire, 47 La. Ann. 542, 17 So. 141, 10 Am. Crim. Rep. 461.

Where a juror has formed an unqualified opinion, and has expressed it freely, and where his attitude in answering questions indicates that he

believes it is necessary for the defendant to prove his innocence, or that he would be unwilling to be governed by the evidence and instructions, he is disqualified to act as a juror. People v. Cottle, 6 Cal. 227; People v. Williams, 6 Cal. 206; State v. Roberts, 27 Nev. 449, 77 Pac. 598; State v. Fujita, 20 N. D. 555, 129 N. W. 360, Ann. Cas. 1913A, 159; State v. Barker, 46 La. Ann. 798, 15 So. 98; People v. Mahoney, 73 Hun, 601, 26 N. Y. Supp. 257; State v. Flint, 60 Vt. 304, 14 Atl. 178; 24 Cyc. 309.

It is the duty of the state's attorney to indorse, on the information, the names of all the witnesses known to him at the time of filing the information, and if other witnesses are called, and objection is made, it should clearly appear that the state's attorney did not know of them, before they should be permitted to give their testimony. State v. Kent (State v. Pancoast) 5 N. D. 516, 35 L.R.A. 518, 67 N. W. 1052.

Questions which are asked of a defendant on trial for crime, which have for their apparent sole purpose the degradation of defendant and his relatives, before the jury, are irrelevant, and highly improper. State v. Apley, 25 N. D. 298, 48 L.R.A.(N.S.) 273, 141 N. W. 740; State v. Gleim, 17 Mont. 17, 31 L.R.A. 294, 52 Am. St. Rep. 655, 41 Pac. 998, 10 Am. Crim. Rep. 46; People v. Un Dong, 106 Cal. 83, 39 Pac. 12; State v. Carson, 66 Me. 116, 2 Am. Crim. Rep. 58.

The state has no right, in rebuttal or otherwise, to offer testimony to impeach the conceded testimony of defendant's absent witness. Brown v. State, 142 Ala. 287, 38 So. 268; State v. Shannehan, 22 Iowa, 435; Davis v. State, — Tex. Crim. Rep. —, 152 S. W. 1094; Rhodes v. Com. 151 Ky. 534, 152 S. W. 549; State v. Abshire, 47 La. Ann. 542, 17 So. 141, 10 Am. Crim. Rep. 456.

It was error for the court to refuse the request of defendant that a witness within its jurisdiction, who had been served with subpœna as a witness for defendant, be brought to court. 40 Cyc. 2157.

To constitute the crime of robbery it is essential that the taking be wrongful, unlawful, or felonious. A taking of property accompanied by an assault, which assault is described by use of the above terms, is not necessarily robbery. State v. Fordham, 13 N. D. 494, 101 N. W. 888; State v. Rechnitz, 20 Mont. 488, 52 Pac. 264; State v. Fulford, 124 N. C. 798, 32 S. E. 377; State v. McCaskey, 104 Mo. 644, 16 S. W. 511; Sledge v. State, 99 Ga. 684, 26 S. E. 756; McDow v. State, 113 Ga. 699, 39 S. E. 295; State v. Oliver, 20 Mont. 318, 50 Pac. 1018.

The court failed to specifically instruct as to all the elements of robbery; neither does the information sufficiently charge the crime of robbery. State v. Johnson, 26 Mont. 9, 66 Pac. 290, 14 Am. Crim. Rep. 619; State v. Smith, 174 Mo. 586, 74 S. W. 624, 14 Am. Crim. Rep. 616; State v. Magill, 19 N. D. 131, 22 L.R.A.(N.S.) 666, 122 N. W. 330; Alston v. State, 109 Ala. 51, 20 So. 81; 12 Cyc. 612; Goldsberry v. State, 66 Neb. 312, 92 N. W. 906; Lindley v. State, 8 Tex. App. 445; State v. Hakon, 21 N. D. 133, 129 N. W. 234.

Where court officers, sheriffs, and policemen testify for the state, the defendant is entitled to an instruction from the court to the jury, that greater care should be exercised in weighing the testimony of such witnesses than in case of witnesses who are wholly disinterested. Blashfield, Instructions to Juries, p. 225; 2 Sackett, Instructions to Juries, § 2768; 40 Cyc. 2655; Kastner v. State, 58 Neb. 767, 79 N. W. 713; Sandage v. State, 61 Neb. 240, 87 Am. St. Rep. 457, 85 N. W. 35; State v. Miller, 9 Houst. (Del.) 564, 32 Atl. 137.

"An indictment for robbery under the statute should charge the offense in the language of the statute, or, in words equivalent, provided all the necessary elements of the crime are expressed in the statute." Clark, Crim. Law, § 379; State v. Fulford, 124 N. C. 798, 32 S. E. 377; State v. McCaskey, 104 Mo. 644, 16 S. W. 511; Sledge v. State, 99 Ga. 684, 26 S. E. 756; McDow v. State, 113 Ga. 699, 39 S. E. 295; State v. Oliver, 20 Mont. 318, 50 Pac. 1018; 18 Enc. Pl. & Pr. 1217; 22 Cyc. 332; People v. Colburn, 105 Cal. 648, 38 Pac. 1105; People v. Ah Sing, 95 Cal. 654, 30 Pac. 796; Anderson v. State, 28 Ind. 22; State v. Ready, 44 Kan. 697, 26 Pac. 58; State v. Barnett, 3 Kan. 250, 87 Am. Dec. 471; Com. v. Tanner, 5 Bush, 316; State v. Devine, 51 La. Ann. 1296, 26 So. 105; State v. Henry, 47 La. Ann. 1587, 18 So. 638; State v. Perley, 86 Me. 427, 41 Am. St. Rep. 564, 30 Atl. 74, 9 Am. Crim. Rep. 504; State v. O'Neil, 71 Minn. 399, 73 N. W. 1091; State v. Davidson, 38 Mo. 374; Acker v. Com. 94 Pa. 284; State v. Swafford, 3 Lea, 162; Clemons v. State, 92 Tenn. 282, 21 S. W. 525; Williams v. State, 10 Tex. App. 8; State v. Bohn, 19 Wash. 36, 52 Pac. 325; State v. Scott, 72 N. C. 461.

In the case at bar the words denoting the elements of the crime of robbery were used in the information in describing the assault, but nowhere used in describing the charge, the robbery, nor were they

differently used by the court in his instructions.   State v. Siegel, 265 Mo. 239, 177 S. W. 354; 22 Cyc. 33, cases cited under note 37; Jane v. State, 3 Mo. 61; State v. Dixon, 247 Mo. 668, 153 S. W. 1022; State v. Underwood, 254 Mo. 470, 162 S. W. 184; State v. Woodson, 248 Mo. 706, 154 S. W. 705; State v. McGrath, 228 Mo. 422, 128 S. W. 966; State v. Melton, 117 Mo. 618, 23 S. W. 889; State v. Nicholson, 116 Mo. 522, 22 S. W. 804; Nathan v. State, 8 Mo. 631.

The information was only sufficient to sustain a verdict of simple assault.   5 Enc. Pl. & Pr. 792; Territory v. Gonzales, 14 N. M. 31, 89 Pac. 250; Smith v. State, — Tex. Crim. Rep. —, 57 S. W. 949; Mc Namara v. People, 24 Colo. 61, 48 Pac. 541; State v. Clayton, 100 Mo. 516, 18 Am. St. Rep. 565, 13 S. W. 819; State v. Veverlin, 30 Kan. 611, 2 Pac. 630.

*O. B. Burtness,* State's Attorney, and *T. B. Elton,* Assistant State's Attorney, for respondent.

A continuance is not always a matter of right, but it lies in the sound discretion of the trial court to grant or refuse it, and in its judgment the facts and circumstances in each case may warrant, and its action will not be disturbed unless there is clear abuse of discretion.   Underhill, Crim. Ev. 2d ed. § 268, and cases cited.

Further, the person requesting continuance on the ground of absence of a witness must show that reasonable diligence was used to have him present, the competency and materiality of the testimony of such witness, and reasonable certainty that the witness will be present and testify at the next term.   Underhill, Crim. Ev. 2d ed. §§ 269, 270; People v. Leyshon, 108 Cal. 440, 41 Pac. 480; People v. Ashnauer, 47 Cal. 98; People v. Francis, 38 Cal. 188; People v. AhYute, 53 Cal. 613; 9 Cyc. 181, and cases cited.

An allegation in the affidavit that proper diligence has been used, is not enough.   Underhill, Crim. Ev. 2d ed. §§ 269, 270, and cases cited; State v. Phillips, 18 S. D. 1, 98 N. W. 171, 5 Ann. Cas. 760; State v. Stevens, 19 N. D. 249, 123 N. W. 888; Chapman v. State, — Tex. Crim. Rep. —, 30 S. W. 225.

An affidavit for continuance should contain a statement of facts, as to its material elements, and not mere conclusions.   There is no showing that the absent witness was a resident of the state.   State v. Kindred, 148 Mo. 270, 49 S. W. 845; State v. Wilcox, 21 S. D. 532, 114 N. W. 687.

Where the state consents that the affidavit purporting to state the testimony which the absent witness would give, if present in court, may be read as his testimony, the continuance should not be granted. Keating v. People, 160 Ill. 480, 43 N. E. 724; Adkins v. Com. 98 Ky. 539, 32 L.R.A. 108, 33 S. W. 948; People v. Leyshon, 108 Cal. 440, 41 Pac. 480; Fanton v. State, 50 Neb. 351, 36 L.R.A. 158, 69 N. W. 953; Territory v. Perkins, 2 Mont. 470; Territory v. Harding, 6 Mont. 332, 12 Pac. 750; Territory v. Guthrie, 2 Idaho, 432, 17 Pac. 39; Hoyt v. People, 16 L.R.A. 239, note; Hickman v. People, 137 Ill. 79, 27 N. E. 88; State v. Bartley, 48 Kan. 425, 29 Pac. 701; State v. Shannehan, 22 Iowa, 437; State v. McComb, 18 Iowa, 43; Pace v. Com. 89 Ky. 204, 12 S. W. 271; State v. Lund, 49 Kan. 580, 31 Pac. 146; State v. Daniels, 49 La. Ann. 954, 22 So. 415; State v. Hutto, 66 S. C. 449, 45 S. E. 13; People v. Nylin, 139 Ill. App. 500, affirmed in 236 Ill. 19, 86 N. E. 156.

A wide discretion is vested in the trial court in respect to the allowing or refusing of challenges to jurors. State v. Ekanger, 8 N. D. 559, 80 N. W. 482; State v. Werner, 16 N. D. 83, 112 N. W. 60; State v. Fujita, 20 N. D. 555, 129 N. W. 360, Ann. Cas. 1913A, 159.

Further than this, if defendant has not exhausted his peremptory challenges, he cannot complain because the court denies his challenge for cause. 24 Cyc. 328; People v. Decker, 157 N. Y. 186, 51 N. E. 1018; Herbert v. Northern P. R. Co. 3 Dak. 38, 13 N. W. 349, affirmed in 116 U. S. 642, 29 L. ed. 755, 6 Sup. Ct. Rep. 590.

Witnesses, other than those whose names are indorsed on the information, may be called and used by the state, where it is made clearly to appear that such witnesses were unknown to defendant, when filing the information. State v. Albertson, 20 N. D. 512, 128 N. W. 1122; State v. Pierce, 22 N. D. 358, 133 N. W. 991; State v. Matejousky, 22 S. D. 30, 115 N. W. 96; State v. King, 9 S. D. 628, 70 N. W. 1046; State v. Frazer, 23 S. D. 304, 121 N. W. 790.

Where competent testimony is given by a witness, a motion to strike out all his testimony is properly overruled. It is the duty of the party objecting to separate the competent from the incompetent testimony, by proper indication to the court, and to confine his motion to the latter. Thomp. Trials, 2d ed. § 719.

In a charge of robbery, instructions to the jury that if they found

that defendant did "take, steal, and carry away" the money, sufficiently embrace the term "feloniously." Any words which mean a "wrongful and unlawful taking with intent to deprive the owner" are sufficient. The court further charged that the jury must find that defendant did "steal" the money.

The word "steal" has a uniform and accepted meaning, and implies a felonious taking. Baldwin v. State, 46 Fla. 115, 35 So. 220; State v. Minnick, 54 Or. 86, 102 Pac. 605; Com. v. King, 202 Mass. 379, 88 N. E. 454; Gardner v. State, 55 N. J. L. 17, 26 Atl. 30; State v. Perry, 94 Ark. 215, 126 S. W. 717; State v. Richmond, 228 Mo. 362, 128 S. W. 744; United States v. Trosper, 127 Fed. 476; State v. Griffin, 79 Iowa, 568, 44 N. W. 813; 12 Cyc. 613, and cases cited.

The question of the degree of credit to be given to the testimony of a witness, or whether his testimony shall be wholly rejected, is for the jury. 12 Cyc. 604; Underhill, Crim. Ev. 2d ed. § 280a; Thomp. Trials, §§ 2285, 2418; Hronek v. People, 134 Ill. 139, 8 L.R.A. 837, 23 Am. St. Rep. 652, 24 N. E. 861; Copeland v. State, 36 Tex. Crim. Rep. 575, 38 S. W. 210; Jaynes v. People, 44 Colo. 535, 99 Pac. 325, 16 Ann. Cas. 787; People v. Shoemaker, 131 Mich. 107, 90 N. W. 1035; State v. Hoxsie, 15 R. I. 1, 2 Am. St. Rep. 838, 22 Atl. 1059.

An information on the crime of robbery, accompanied by an assault, which characterizes the assault as having been committed "wilfully, wrongfully, unlawfully, and feloniously," is entirely sufficient to charge that the robbery committed in connection with such assault was also so committed. Smith v. State, 72 Neb. 345, 100 N. W. 807; Comp. Laws 1913, §§ 9521, 10683, 10693; 22 Cyc. 332, note 41; Richards v. State, 65 Neb. 808, 91 N. W. 878; 1 Bishop, Crim. Proc. 535; People v. Lopez, 90 Cal. 569, 27 Pac. 427; State v. Longstreth, 19 N. D. 268, 121 N. W. 1114, Ann. Cas. 1912D, 1317; State v. Holong, 38 Minn. 368, 37 N. W. 587.

Goss, J. This is an appeal from an order denying a motion for new trial after sentence upon a conviction of robbery. The first alleged ground for reversal is based upon denial of defendant's motion for a continuance over the term at which he was tried. The motion was based upon affidavits of defendant and counsel and upon the files, including a subpœna issued June 22, 1915, returnable four days later, with the

sheriff's return of inability to find Johnson, the witness therein named. The case was called for trial July 1, 1915, whereupon the motion was presented and denied. The court stated: "The motion is overruled upon the statement of the state's attorney in open court that he stipulates that Ole Johnson, if present, would testify" to a state of facts set forth in the record, tending to show the robbery to have taken place, if at all, on the Minnesota side of the Red river and beyond the trial court's jurisdiction. And "that this statement may be read to the jury as evidence in the case and considered by them as evidence." The affidavits for continuance were read to the jury by defendant during the trial. The jury was instructed that, "in considering the testimony of Ole Johnson, admitted in this trial by the state as facts which Ole Johnson would testify to if present, the jury must give the same weight to such testimony as they would give to it had Ole Johnson been upon the stand testifying under oath; and if from all the testimony in the case, the testimony of Ole Johnson included, there is a reasonable doubt of the guilt of the defendant as charged in the information, then the jury must acquit." This fairly reflects the record upon this question. However, in the absence of any concession from the state concerning what Johnson would have testified to, the court would have been justified in denying a continuance, because of defendant's failure to show diligence in preparation for trial and because of the further fact that, under the showing made, the absent witness may never return within the jurisdiction of the court, and a continuance would be useless and unavailing. But the state was tendered, and it accepted, the statement as to what Johnson would testify as in lieu of his deposition thereto. And the state, being ready for trial, opposed the continuance, and it was denied.

Defendant contends that the court treated his application as sufficient by the acceptance of the stipulation in lieu of the testimony of Johnson, and allowed the case to be tried upon that theory, and thence the state is now precluded from questioning on appeal the sufficiency of the showing made for the continuance; and that the case must be treated as a denial of a motion for continuance made upon a sufficient basis upon condition of a concession by the state of the facts to which the absent witness would testify. Upon this assumption defendant contends that the denial of the continuance was both an abuse of discretion

and a violation of his constitutional right to process of the court to compel the attendance of witnesses in his behalf, as guaranteed by § 13 of art. 1 of our state Constitution. Defendant claims that, in ruling upon constitutional rights, no compulsory concession can be considered as the equivalent of the testimony of a witness given upon trial; that the only equivalent of the testimony of such absent witness is an unequivocal admission by the state of the truth of the facts to which it is claimed such absent witness would have testified, which admission would have dismissed this prosecution.

Brief reference may be made to the various holdings. It should be noted that about half the states have statutes governing practice under these conditions. We have not. Section 10,787, Comp. Laws 1913, but provides that a continuance may be granted upon sufficient cause, and that a cause which would be considered as sufficient for postponement in a civil action is sufficient in a criminal action. Some states have statutes that a continuance may be denied upon a concession by the state that the witness, if present, would testify as stated in the affidavits for continuance, making the affidavits for continuance virtually depositions which the defense may thus use, but subject to contradiction by the state. Statutes upon the question are to be found in Arkansas, Illinois, Idaho, Iowa, Kansas, Kentucky, Missouri, Montana, Mississippi, New Mexico, and Wyoming. See note in 4 Enc. Pl. & Pr. 867, and note in 28 Ann. Cas. 1913C. In some of these states, as in Missouri, it has been held that a statute providing that a continuance may be avoided by concession, but without admitting therein the truth of the matters specified for a continuance, is an unconstitutional deprivation of the right to compel the testimony of the absent witness, and hold accordingly that the facts stated for a continuance must be admitted as true by the state for it to thus avoid a continuance. Likewise cases from Louisiana, Texas, California, and other states hold that nothing less than an admission of the truth of said statements will justify denial of a continuance to which the defendant is otherwise entitled. California authorities also hold, supporting the contention of the defendant, that a denial of a continuance, but upon condition of the state's admitting the facts in the affidavit for continuance, places the sufficiency of the basis for the continuance beyond dispute by the state. People v. Fong Chung, 5 Cal. App. 587, 91 Pac. 105. The leading

California case upon the denial of continuance by concession is People v. Diaz, 6 Cal. 248, and for a recent holding to the same effect see People v. Bossert, 14 Cal. App. 111, 111 Pac. 15. These cases, like People v. Fong Chung, supra, hold that a defendant "had a constitutional right to have his witnesses orally examined in court, and in the absence of a showing that the motion was made in bad faith that he was entitled to a reasonable time to secure their attendance." Tennessee and Nevada, Oklahoma, South Dakota, and Texas are to the same effect. State v. Baker, 13 Lea, 326; State v. Salge, 2 Nev. 321; Madison v. State, 6 Okla. Crim. Rep. 356, 118 Pac. 617, Ann. Cas. 1913C, 484; State v. Wilcox, 21 S. D. 532, 114 N. W. 687; Jenkins v. State, 49 Tex. Crim. Rep. 457, 122 Am. St. Rep. 812, 93 S. W. 726. Most of the other states qualify the rule or treat the entire matter of the continuance, including the affidavits and concessions and all facts known to the court from the files and proceedings had in the case, as a discretionary matter, reviewable for abuse of discretion, and as involving, when reasonably exercised, no violation of any constitutional right of process to compel attendance of witnesses. In the recent Wisconsin case of Miller v. State, 139 Wis. 57, 119 N. W. 850, many decisions are cited and discussed, in all phases here involved, including constitutional right to process. Mr. Justice Marshall in the course of the opinion states: "My personal view is that upon a full concession being made, as in this case, even in the event of a good case made for a continuance, it not only is within the discretion, but the discretion ought to be exercised to proceed with the trial under some circumstances. That the constitutional right to have one's witnesses in case of a criminal prosecution against him testify upon the trial does not mean under all circumstances. Otherwise, the wheels of justice might be impeded to great public detriment without really subserving any private right, except in a technical sense. In case of great prejudice to public interests by delay, and the accused having had, without success, the amplest use of all legal instrumentalities to compel attendance of his witness, and it appearing that further postponement will furnish only a bare possibility or a remote probability of better success, the court should not only have the power to proceed with the trial upon a concession being made, as here [of what the witness would state if present, but not admitting its truth], but it might be its duty to the public to do so, and a favor, in-

stead of a prejudice, to the accused; certainly not a violation of any constitutional right reasonably administered. It is the opinion of the court that in case of the presentation for a continuance being so weak that the trial court might decide either way, then in its discretion it may grant or deny the application, according to whether the adverse party will make a concession such as was exacted here." All this is especially pertinent under the defective showing made, as heretofore indicated. Nebraska and Massachusetts follow a similar rule. Fanton v. State, 50 Neb. 351, 36 L.R.A. 158, 69 N. W. 953. In Com. v. Donovan, 99 Mass. 426, 96 Am. Dec. 765, it is said: "The practice of allowing such motions, when made on account of the absence of a witness, to be met by a concession that the witness would testify as stated in the affidavit accompanying the motion, giving to it the force and effect of a deposition of the witness, is generally adopted in our courts in civil cases. It has also been allowed in criminal proceedings with the sanction of this court. Com. v. Knapp, 9 Pick. 496–515, 20 Am. Dec. 491. It is true that in some cases such a concession would be a very inadequate substitute for the testimony of the absent witness. In such cases it might be proper for the court to require the facts themselves to be admitted, or to grant the postponement. But it would be impossible to lay down any rule of law as a guide by which to determine the question. All the circumstances which bear upon the propriety of one course or the other, the evidence of diligence, the indications of good faith, or the contrary, the importance of the testimony, and the means of supplying the deficiency from other sources, are before the judge at the trial, as they cannot be presented to any revisory tribunal. These considerations show the propriety of holding the whole matter of continuance or postponement to be entirely within the discretion of the judge at the trial. They apply to criminal as well as to civil causes." Of course such discretion is reviewable and subject to correction for plain or gross abuse. Each case must, to a great extent, rest for decision upon its own peculiar facts. As remarked in some of the cases, any other rule opens the door, partially at least, to an easy abuse of the right to a continuance. It is not difficult to procure ex parte affidavits. As remarked in Territory v. Harding, 6 Mont. 323, 332, 12 Pac. 750, at 755: "It is easy enough for a defendant to set forth in an affidavit the names of witnesses who are absent from the

territory and in a foreign country, as in this case,—and the higher the crime the farther away the witnesses are generally declared to be. . . . No guilty man is ever ready for trial. Every continuance of his cause brings him so much nearer to an acquittal. The trial court must judge whether his application for continuance is made merely for delay or in good faith, to the end that justice may be done."

Kentucky, after having held for years in favor of all that the defendant can contend for in this case, has the following to say upon a statute permitting a concession as made in this case to be taken to avoid a continuance: "During all these years it became manifest that the rule requiring the state to admit as absolutely true whatever the accused might, by his *ex parte* affidavit, say he could prove by an absent witness, materially impaired the execution of the criminal law; that by its operation it was placed in the power of an unscrupulous criminal, aided by expert and ingenious counsel, to long and indefinitely delay the trial of his cause or else to compel the state to admit facts for the purpose of a trial which often in effect were equivalent to a verdict of acquittal. In this way and by the operation of this provision, the criminal law was brought into disrepute and by many held in contempt, and the court and officers of the law censured for the long delay and final failure of justice. To remedy this crying evil the legislature in 1886 amended the provisions of the Code of 1854 in reference to the terms on which the state might procure a trial of criminal causes." Of course by this quotation no inference is made against defendant's counsel in this case, his good faith being apparent. But this is the experience, however, under the rule contended for, as set forth in Atkins v. Com. reported in 32 L.R.A. 108–111. And cases are to be found similar to Edmonds v. State, 34 Ark. 720, where the affidavit of the defendant for continuance has recited the names and substance of the purported testimony of absent witnesses, and after, by an admission by the state that they would so testify, they have been produced by the state and given testimony to exactly the contrary, thereby raising interesting questions of the extent to which the state is bound by its admission. In those states following the practice adopted in the case at bar, in spite of the admission the witnesses may testify to the contrary. But if the state was obliged to concede as true to fact the purported testimony of the absent witnesses, it might be powerless to contradict its truth during the

trial, even though it could produce the witnesses for examination. See cases cited in note in 16 L.R.A. 239.

Then again, the denial of a continuance upon a prima facie showing is not necessarily prejudicial error, inasmuch as not only the facts upon which the applications are made, together with the discretion exercised in ruling upon the continuance, are to be considered on the appeal, but the further and important question of how under the record the ruling of the court operated to the defendant's prejudice, and where it does not appear that the defendant was prejudiced, none will be presumed. Cremeans v. Com. 104 Va. 860, 2 L.R.A.(N.S.) 721, 52 S. E. 362. In that case the court concluded, from the testimony on the trial and the whole record, that, notwithstanding the affidavit of the defendant regarding four purported witnesses to the homicide, whose testimony was claimed to be all important, said witnesses being absent, that they could not have witnessed the homicide; and that although the showing for a continuance upon the moving papers was prima facie sufficient and its denial at the time of the ruling was error upon the moving papers, yet the record on the trial disclosed the same to be without prejudice. And the same in principle has been held in Roberts v. Com. 94 Ky. 499, 22 S. W. 845, holding that evidence but cumulative to that of other witnesses was insufficient to entitle a defendant to a continuance where the state conceded the absent witness would testify as stated in the application. Also that the presence of the alleged absent witnesses at the trial, when known to the defendant, cures any error in the denial of a motion for continuance at the commencement of the trial. And this is so whether the absent witness is called or not. Vaughn v. Com. 15 Ky. L. Rep. 256, 23 S. W. 371; McGrath v. State, 35 Tex. Crim. Rep. 413, 34 S. W. 127, 941; Black v. State, 47 Ga. 589. And this is true, even where the absent witness was produced in court just before the argument to the jury was closed and the witness was not called. Mitchell v. State, 36 Tex. Crim. Rep. 278, 33 S. W. 367, 36 S. W. 456; State v. Banks, 118 Mo. 117, 23 S. W. 1079. And it may be noticed that Texas and Missouri hold with California to the extreme contended for by the defendant as to the right to a continuance and to its denial constituting an invasion of constitutional rights. And this is very important because the defendant has not brought the evidence, or any substantial part of it, upon this appeal. So far

as the record is concerned, defendant may have produced a dozen witnesses testifying that this occurrence took place in Minnesota, and all might have been impeached by some physical fact or other conclusive testimony that would have rendered the testimony offered by the said Johnson cumulative and incredible as well. Or the record might disclose a waiver by act of any right to a claim of prejudice. This is but illustrative of the fact that the denial of the continuance might not have been prejudicial in fact. No presumption of prejudice should be indulged in where the evidence in the case is not before the appellate court.

The denial of the continuance was the exercise of a discretion upon all the record facts, the showing made for the continuance, the state's concession as to what the absent witness would testify, if present, sufficiency of the showing as to diligence and likelihood of the defendant's ever being able to produce said witness. Upon all of these, collectively, the trial court ruled in denying the continuance. Its decision thereon will be disturbed only for a clear abuse of legal discretion. Upon such an application the state may concede what the absent witness, if present, would testify to, reserving the right to impeach what is in effect, if offered on the trial, the deposition of said absent witness. It is unnecessary in such concession that, to avoid a continuance the state admit the purported facts to which the absent witness would testify are true. Reasonably administered the denial of a continuance upon such a concession by the state does not amount to a denial of the constitutional right to process to compel attendance of witnesses in behalf of an accused. While every case must be ruled by the facts thereof, under ordinary circumstances and conditions the foregoing rules are applicable. And without the testimony here it will not be presumed that its denial was prejudicial error. .

Error is assigned upon denial of a challenge for cause. The *voir dire* examination is set forth at length. But defendant states in his brief: "It is true that defendant exercised only nine of his ten peremptory challenges, but it appears to us that ought not to make any difference." This admission disposes of this assignment. His failure to use a peremptory challenge waived all objection to the juror. State v. Goetz, 21 N. D. 569, 131 N. W. 514. The syllabus reads: "Failure to exer-

cise a peremptory challenge is a waiver of previous objection to a juror to whom a challenge for cause had been taken and disallowed."

Error is claimed in the admission of the testimony of Martin Olson. The objection is made that his name was not indorsed upon the information. Instead the name of another, one Elliott, appeared thereon. Olson was the sheriff of Ramsey county and the officer who arrested the defendant. From the statement of the state's attorney, explanatory of why Olson, and not Elliott, was called as a witness, it appears that at the time of the filing of the information and for some time thereafter he thought Elliott had made the arrest; and only upon his telephoning for Elliott at Devils Lake to attend at Grand Forks upon the trial, did he learn from sheriff Olson that he, and not Elliott, made the arrest. It is apparent that Elliott's name, instead of Olson's, was indorsed upon the information through mistake. One reason for the law is to compel public prosecutors to "treat those who they accuse of crime with perfect fairness." Good faith is exacted on the part of the state toward defendants to prevent any overreaching of defendant's rights or prejudicing of them by any intentional omission of names of the witnesses from the information. State v. Kent (State v. Pancoast) 5 N. D. 516–536, 35 L.R.A. 518, 67 N. W. 1052. "The question is largely one of discretion, and it is not reversible error unless the discretion reposed in the trial court is abused," quoting from the opinion in State v. Pierce, 22 N. D. 358–361, 133 N. W. 991; State v. Albertson, 20 N. D. 512, 128 N. W. 1122. In any event, the state has sufficiently excused its failure to indorse the name of Olson upon the information. State v. Kilmer, 31 N. D. 442, 153 N. W. 1089.

The fourth assignment of error is based upon a question asked in cross-examination of the defendant. From the small portion of the evidence in the record, it will be assumed that the defendant and his wife were arrested in Devils Lake, and that a money order was an important circumstance in the case. The direct examination is not set out in the record, nor is but a small portion of the cross-examination. The objectional testimony is the following:

Q. When you were out there at Petersburg and got the money order, I suppose you took the money order with you?
A. I did.

Q. What did you do with it?

A. Turned it over to my wife.

Q. Do you know what she did with it?

A. Yes, I know what she did with it.

Q. What?

A. After we were arrested she turned it over to the Missus of the jail there.

Q. Were you there at the time?

A. I was there, yes.

Q. It is a fact, is it not, that when she was arrested and you were arrested, as you have testified, and your wife was searched, that she made an attempt to take the money order and put it into her vagina?

This question was objected to as improper cross-examination, a highly prejudicial question, immaterial, not relevant to the issues, and simply made for the purpose of prejudicing the jury.

The Court: Well, he was present at the time, as he testifies. Overrule the objection.

It was then developed by defendant's answer that he was not present when his wife was searched, and could not have known what she did with the money order, and the question was not answered further than that. Without knowing what the scope of the direct-examination was, the evidence in the case not being presented on this appeal, this court has no means of knowing whether the cross-examination as such was improper or whether this testimony sought was material or relevant, and cannot determine whether, as stated by counsel, it was made for the sole purpose of prejudicing the jury. The trial court was familiar with all the proof, and it will be assumed that his ruling was correct.

The fifth assignment of error is taken to the impeachment by the state by the witness Duret of the testimony of defendant's absent witness, Ole Johnson, as set forth in defendant's application for continuance, evidently read to the jury as a deposition. Appellant's argument is based upon the objection that the state should have been compelled to unqualifiedly admit the truth of the purported facts set out in said application for continuance, and should not be allowed to deny them.

The contention might be interesting in those states sustaining the right of the defendant to a continuance as an absolute right, upon the showing made. But as the state did not admit the truth of the facts stated in the application for a continuance and reserved the right to impeach the same, and as it was not obliged to admit the truth of said facts, it is difficult to understand why the impeachment of the facts so stated should constitute error. It may here be remarked that, had the state admitted the truth of said facts, it would have been stipulating that the crime took place in Minnesota, and would have been the equivalent of dismissing the prosecution. This but illustrates one reason why the state should not be compelled to admit the truth of *ex parte* affidavits to avoid a continuance.

The sixth assignment of error is taken upon the following record concerning one Mrs. Carl Hanson, subpœnaed in defendant's behalf and who failed to appear.

After the state had rested its case on rebuttal, defendant's counsel made the following statement:

We have subpœnaed Mrs. Hanson, who has been very unfortunate in that she lives on the river bank and her house has been flooded and she hasn't any shoes or any proper clothes. . . . I would like to take that witness's testimony. We subpœnaed her yesterday morning, and the sheriff informed me of the circumstances, and I thought if it was possible to get along without forcing the woman up here, when she was not properly clothed, I would try to do it.

The Court: There is a request made to offer testimony on the part of the defense, but there has not been any showing made as to whether this testimony is material or what she would testify to. It might be purely cumulative on some immaterial matter, and I don't feel disposed to continue the case for any length of time in order to allow you to get this witness here. You have known since last night at any rate that you wanted ⸻ r.

Mr. Wineman: I knew yesterday morning. I subpœnaed her yesterday morning, and was informed by the sheriff, or his deputy, of the facts, so I was aware she didn't have clothes to come, and it was my intertion, if possible, to excuse her, but, as I find, I think it is material.

The Court: Proceed with your arguments if you are through.

Mr. Wineman: Defendant rests. There is no sur-rebuttal; simply desire this additional witness.

Upon this record it is apparent that there is no sufficient showing for a continuance. Had the defendant really desired, he could have obtained her presence at the trial by use of a bench warrant. Had he done so, no doubt a continuance would have been allowed and probably the sheriff would have produced her.

The remaining assignments are taken upon the instructions and the ruling of the court upon defendant's motion in arrest of judgment. These challenge the sufficiency of the information to charge the crime of robbery. Defendant contends that it charges but a felonious assault, and is vulnerable to his motion in arrest of judgment and to the exceptions taken to the instructions, wherein the court assumed the information contained the basic material allegations for instructions fully covering the crime of robbery. The information reads: "One Andy Uhler, the defendant herein, did commit the crime of robbery, committed as follows, to wit: That at the said time and place the said Andy Uhler did wilfully, wrongly, unlawfully, and feloniously make an assault upon the person of one Gustave Ronse, and did then and there by means of force and by putting in fear, steal, and take, and carry away from the person and possession of said Gustave Ronse and against his will, certain personal property of the said Gustave Ronse, to wit: Two hundred fifty dollars lawful money of the United States."

Defendant failed to demur, evidently preferring to take advantage of any defects therein by motion in arrest of judgment. In State v. Wright, 20 N. D. 216, 126 N. W. 1023, Ann. Cas. 1912C, 795, quoting from the syllabus, it is said: "Following the rule announced in State v. Johnson, 17 N. D. 554, 118 N. W. 230, held, that when the sufficiency of the allegations in an information is first challenged by motion in arrest of judgment the same will be construed with less strictness than when the sufficiency thereof is raised by demurrer; and where the information states facts constituting an offense, in general words and substantially in the language of the statute defining the offense,—the information will be held sufficient as against attack by motion in arrest of judgment." In State v. Johnson, supra, it is said: "If the information states an offense, though imperfectly, by reason of general state-

ments, or it is defective as to some matter not of the substance of the offense, then a motion in arrest of judgment will not lie." Such being the settled law of this jurisdiction, this information is not vulnerable to the objection as taken. Any question of duplicity was also waived by failure to demur. State v. Climie, 12 N. D. 33, 94 N. W. 574, 13 Am. Crim. Rep. 211. This information sufficiently charges the felonious intent to steal with which the property was alleged to have been taken by defendant from the possession of Ronse, and it sufficiently characterizes the taking to have been wilful, unlawful, and felonious and with intent to deprive the owner thereof. Appellant contends that these terms descriptive of the intent with which the act was done apply only to the assault charged to have been made upon Ronse, and does not charge that the taking by means of force and putting in fear was with unlawful or felonious intent to deprive him of his property. Appellant has overlooked the significance of "steal," a word of art, in the clause "steal, take, and carry away from the person and possession of Gustave Ronse and against his will, certain personal property." "It is usually held that the necessary intent is sufficiently implied by the allegation that defendant feloniously stole, or even that he stole, this being sufficient to show the animus with which the act was done." 25 Cyc. 74, citing, among other cases, Gardner v. State, 55 N. J. L. 17, 26 Atl. 30, in the syllabus of which is found "the word 'steal' or 'stealing' in a criminal statute, when unqualified by the context, signifies a taking which at common law would have been denominated felonious, and imports the common-law offense of larceny." The opinion quotes with approval Dunnell v. Fiske, 11 Met. 551–554, to the same effect. Also Com. v. Kelley, 184 Mass. 320, 68 N. E. 346; People v. Lopez, 90 Cal. 569, 27 Pac. 427, holding that the omission of the word "feloniously" was cured by the use of the word "steal." "Employed in the charging part of an information for grand larceny, it would be understood as charging the criminal intent with which the act was committed." And in State v. Minnick, 54 Or. 86, 102 Pac. 605. In the absence of a demurrer or motion to set aside the indictment, the following indictment for larceny was held sufficient: "The said John Minnick on the 25th day of March, 1908, in the county of Union and state of Oregon, did then and there take, steal, and carry away, and then and there take, steal, and drive and lead away, two heifers, then and there the personal

property of one W. A. Ogden, and said personal property then and there of the value of $30." It will be noticed that the intent is not charged or characterized, except by the use of the words "take, steal, and carry away." Concerning the omission of the word "feloniously" it is said: "We think the words 'take, steal and drive away' are sufficient to describe larceny. Webster gives the primary meaning of the word 'steal' as follows: 'To take and carry away feloniously; to take without right or leave and with intent to keep wrongfully.' When we say of a person, 'he stole a horse,' we are not merely uttering a conclusion of law, but stating a fact in language that everybody, from the college professor to the common laborer, can understand. An indictment is definite enough if the facts are so stated as 'to enable a person of common understanding to know what is intended.'" Our statute, Comp. Laws 1913, § 10685. Baldwin v. State, 46 Fla. 115, 35 So. 220; State v. Griffin, 79 Iowa, 568, 44 N. W. 813; Turnipseed v. State, 45 Fla. 110, 33 So. 851; Gillotti v. State, 135 Wis. 634, 116 N. W. 252. In State v. Fordham, 13 N. D. 494–500, 101 N. W. 888, it is stated: "In this connection it [the word wrongful] is synonymous with 'felonious;' and it is well settled that the word 'felonious' when used in defining the crime of robbery or larceny implies an intent to steal." The allegation then that the defendant "by means of force and by putting him in fear did steal, take, and carry away" charges a felonious taking of property from the person. As against the attack made, the information is sufficient to sustain the judgment.

Certain exceptions are taken to the giving and the refusal to give certain instructions. None of the instructions given are abstractly wrong, and, depending upon the scope of the proof, might have been proper and within the issues. Likewise, under the record, the refusal to instruct as requested might have been entirely proper. These assignments may be disposed of by the following from the syllabus of State v. La Flame, 30 N. D. 489, 152 N. W. 810, following the rule announced in State v. Woods, 24 N. D. 156, 139 N. W. 321: "Where the evidence is not before the supreme court, and instructions may or may not be erroneous, dependent upon whether within or without the scope of the proof, they will be deemed sufficient." This is but another way of stating the rule that, unless abstractly wrong, presumptions will not be drawn that instructions are erroneous. And as stated in State

v. La Flame, the practice in criminal appeals, of omitting from the record on appeal the evidence upon which the verdict was found, is to be condemned rather than encouraged by presumptions of error, necessarily taken in ignorance of the proof. This passes upon all assignments presented. Finding no reversible error, the judgment appealed from is affirmed.